Prentice vs. Stefan.

See note to this case in 39 N. W. Rep. 376.— REP.

PRENTICE, Respondent, vs. STEFAN, Appellant.

*August 30 — September 18, 1888.*

*Service of summons signed by nonresident attorney: Amendment: Appealable order: Estoppel.*

1. The service of a summons and complaint signed by a nonresident attorney who was not authorized to practice in the courts of this state was set aside, but the plaintiff was allowed to amend by substituting the names of resident attorneys and to serve a copy of the amended summons and complaint on the defendant's attorney. *Held,* that the defendant could not be injured by such order, and his appeal therefrom is therefore dismissed. The plaintiff might, without such order, have had the papers signed by a licensed attorney and served anew; and, if the court had no power to direct service upon . defendant's attorney, the defendant could not be prejudiced by the order until the plaintiff attempted to bring him into court by such service.

2. A defendant who has admitted due personal service of a summons and complaint with full knowledge that they were not signed by a licensed attorney, cannot be heard to say that there was no service because of that fact.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an appeal from an order of the circuit court allowing the plaintiff and respondent to amend the summons and complaint in the action by substituting the names of Tomkins & Merrill, attorneys of said circuit court, in lieu of

A. C. Brown, to the summons and complaint, as attorneys of record, on the payment of $10 costs, and serving on the defendant's attorneys a copy of the summons and complaint as amended within twenty days from the date of the order.

The original summons and complaint served on the defendant were signed by A. C. Brown, an attorney at law residing in Minnesota, who had not been admitted to practice in the courts of this state. The evidence in the case shows that the defendant knew that A. C. Brown was not a resident attorney of this state at the time the summons and complaint were served upon him, and that at the time of such service the defendant admitted in writing the service of the summons and complaint. The admission was in the following *language:* "*State of Wisconsin, County of Ashland — ss.:* I hereby admit due and personal service of the summons and complaint hereto attached by handing and delivering to me personally a true copy of each thereof on this 14th day of May, 1888, at the city of Ashland, in said county and state. [Signed] PETER STEFAN." On motion of the defendant and upon proof that A. C. Brown was not an attorney licensed to practice in the courts of this state, the circuit court set aside the service of the summons and complaint in this action, and in addition thereto made the order as above stated, and from that part of the order permitting the amendment of the summons and complaint and service thereof upon the attorney for the defendant the defendant appeals to this court.

For the appellant there was a brief by *Miles & Shea,* and oral argument by *J. J. Miles.* They contended, *inter alia,* that the summons was void, and there was therefore nothing to amend. To amend in such a case would be to create the summons anew and give it a retroactive effect. *Whitney v. Brunette,* 15 Wis. 61, 69; *Bunn v. King,* 2 Johns. 190; *Burk v. Barnard,* 4 id. 309; *Cramer v. Van Alstyne,* 9 id. 386; *People v. Superior Court,* 18 Wend. 677. By per-

mitting the amendment and refusing to dismiss the action as claimed, the court has virtually decided that the defendant has an action pending in court and must try it and abide the result of the trial. The order is appealable as it involves the existence of the action. *McLeod v. Bertschy*, 30 Wis. 324.

For the respondent there was a brief by *Tomkins, Merrills & Smith*, and oral argument by *W. M. Tomkins*. They .cited 1 Wait's Pr. 489; *Sluyter v. Smith*, 2 Bosw. 673; *Weir v. Slocum*, 3 How. Pr. 397; *Richardson v. Brooklyn*, 22 id. 368; *Wiggins v. Richmond*, 58 id. 376; *Genobles v. West*, 23 S. C. 154; *Hotchkiss v. Cutting*, 14 Minn. 537; Weeks on Attorneys, secs. 43, 58; *Rahn v. Gunnison*, 12 Wis. 528; *Mezchen v. More*, 54 id. 214, 219; R. S. secs. 2829, 2830.

TAYLOR, J. We cannot see how the appellant is aggrieved by the order made by the circuit court. If the summons and complaint were not signed by either the plaintiff or by an attorney authorized to practice in our courts, and for that cause the defendant was entitled to have the service thereof set aside as irregular and void, the court has granted that relief. If it be objected that the court had no power to direct the service of the amended summons and complaint upon the attorney of the defendant instead of upon the defendant in person, the defendant cannot be prejudiced by that order until the plaintiff attempts to bring him into court by such service. The plaintiff, without any order of the court, would have the right to have the same summons and complaint signed by a practicing attorney of the court, and then serve the same upon the defendant as an original summons and complaint. So we fail to see how the defendant can be injured by an order of the court permitting the plaintiff to do what he might do without such permission, so far as the amendment of the papers themselves is concerned. A summons and com-

plaint in the hands of the plaintiff or his attorney or agent, or in any other person's hands, except an officer who is by law authorized to serve the same, cannot in any way affect the rights of the defendant. No action is commenced for any purpose until the summons is served in one of the ways provided by the statute, not even for the purpose of stopping the running of the statute of limitations, unless the same be in good faith placed in the hands of some officer authorized to serve the same. See secs. 2629, 4240, R. S.. We are of the opinion that the defendant cannot be injured by the order made allowing the summons and complaint to be amended as indicated in the order, and for that reason his appeal should be dismissed.

We think it proper to add that in our opinion the original service should not have been set aside. The defendant should have been held to be estopped from setting up the irregularity in subscribing the summons and complaint, if there was such irregularity. Having admitted due personal service of the summons and complaint, with a full knowledge of all the facts, he cannot be allowed to say there was no service because a licensed attorney did not sign them. He knew when the service was made and admitted that Mr. Brown was assuming to act for the plaintiff in commencing the action, and by his admission of service he admits the authority of Mr. Brown to act for the plaintiff. He is no way injured by the fact that Mr. Brown was not a practicing attorney of the court, and the papers served gave him as full notice of the nature of the action which was brought against him as though they had been signed by the plaintiff in person or by a duly licensed practicing attorney. *Bonesteel v. Orvis*, 23 Wis. 506, 507. As to what effect that part of the order setting aside the service of the summons and complaint may have upon the rights of the parties to this action, we express no opinion.

*By the Court.*— The appeal is dismissed, with costs.