JACOBSON, Appellant, vs. BENTZLER, Respondent.

*February 26—March 20, 1906.*

*Checks: Delivery: Acceptance: Sunday contracts: Ratification: Pleading: Public policy.*

1. The acceptance of a check on a bank is in the nature of a conditional payment, which becomes complete when accepted, and, when the amount due thereon is actually paid, such payment relates back to the time of its delivery.
2. Plaintiff loaned defendant $1,000, the transaction taking place on Sunday, and consisted of delivery and receipt of a check for that amount and of an agreement expressing the conditions of the loan. Thereafter the defendant cashed the check and had the agreement acknowledged and left for record, with directions to the register to mail it to plaintiff. *Held,* that the collection of the money on the check, and the acknowledging, recording, and transmission of the agreement, were mere incidents to the trans-

Jacobson v. Bentzler, 127 Wis. 566.

action constituting the making of the loan, and did not relieve the transaction from the operation and condemnation of the law respecting contracts executed on Sunday.

3. In such case the obligation for repayment arose out of what took place on Sunday, and that agreement is void and not susceptible of ratification.

4. In an action to enforce such loan the fact that such invalidity was not asserted in the answer does not preclude defendant from insisting that the agreement cannot be enforced, since, on the ground of public policy, all the parties to the agreement are deemed equally guilty and are denied the usual remedies of the law for its enforcement.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Plaintiff alleges that he loaned and advanced defendant the sum of $1,000 and that defendant agreed to repay the sum on demand. He claims that demand has been made and that no part of the sum has been paid. Defendant denies that a loan was ever made, and alleges that he conveyed certain real estate to the plaintiff in consideration of the $1,000. He further alleges that the deed was executed and delivered upon an express agreement in writing that upon repayment of the sum, and provided he had paid the taxes levied on the property, he might demand a reconveyance, but that in case of failure to pay such taxes then the contract was to be null and void. He alleges that he has not paid the taxes and that the right to demand a reconveyance no longer exists, and he asserts that plaintiff has not offered to reconvey. The evidence on the trial shows that all of the transactions involved took place on Sunday, including the delivery of the check for $1,000, the signing and delivery of the written agreement, and the delivery of the deed. The only act not positively shown to have taken place on Sunday refers to the acknowledgment and the recording of the deed, and this is left in uncertainty by the statements of the plaintiff. At the conclusion of plaintiff's evidence defendant's motion for a nonsuit

was granted by the court. A motion for a new trial was denied, and judgment for costs was rendered for defendant. This is an appeal from such judgment.

*J. A. Eggen,* for the appellant.

For the respondent there was a brief by *McElroy, Eschweiler & Wetzler,* and oral argument by *S. F. Wetzler.*

SIEBECKER, J.   The evidence of the plaintiff shows that the transactions on which relief is sought took place between the parties on Sunday. It is undisputed that plaintiff on this day delivered to and that defendant received from him a check for $1,000; that the written agreements expressing the conditions of the loan were executed and delivered on Sunday; and that the deed, which had been signed by the grantor, was handed to plaintiff on the same day. The only part of the transaction which occurred thereafter was that the defendant had the deed acknowledged and left for record, with directions to the register of deeds to mail it to the plaintiff. The time of payment of the check and the acknowledgment and recording of the deed are relied on as showing that the alleged loan was not made on Sunday: Firstly, upon the ground that the alleged loan to defendant was not made until the check had been paid at the bank; and, secondly, it is claimed that the loan was not made until the deed was acknowledged, recorded, and transmitted by mail to plaintiff, and that these acts were essential to the delivery of the deed and were necessary steps to give legal efficacy to the transaction. As to the first point it seems clear that acceptance of a check on a bank is in the nature of a conditional payment, which becomes complete when accepted and when the amount due on it is actually paid, and that such payment relates back to the time of its delivery. 22 Am. & Eng. Ency. of Law (2d ed.) 569; 2 Daniel, Neg. Inst. (5th ed.) § 1623. Under the circumstances shown, the fact that defendant received the money on the check after Sunday does not relieve the transaction from

the operation of the Sunday law. The same is true with respect to the acknowledgment, the recording, and the transmission of the deed. These were mere incidents to the transaction which constituted the making of the loan. The alleged obligation for the repayment of the money loaned arises out of what took place on Sunday.

Plaintiff is not relieved from difficulty by the claim that the acts done after Sunday were in the nature of a ratification of that which preceded, for it has been held that the loaning of money on Sunday is within the meaning of the statute prohibiting the doing of business on the first day of the week. This makes the contract void and not susceptible of ratification. *Troewert v. Decker,* 51 Wis. 46, 8 N. W. 26; *Brown v. Gates,* 120 Wis. 349, 97 N. W. 221, 98 N. W. 205, and cases cited; *Vinz v. Beatty,* 61 Wis. 645, 21 N. W. 787; *Sherry v. Madler,* 123 Wis. 621, 101 N. W. 1095. The fact that defendant in his answer did not assert the invalidity of the contract upon the grounds now advanced does not preclude him from insisting that the agreement cannot be enforced. Upon the ground of public policy, all the parties to such an agreement are deemed equally guilty and are denied the usual remedies of the law for its enforcement. *Pearson v. Kelly,* 122 Wis. 660, 100 N. W. 1064.

The judgment dismissing the action was properly awarded.

*By the Court.*—Judgment affirmed.