HAMMOND-CHANDLER LUMBER COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

SAME, Respondents, vs. INDUSTRIAL COMMISSION OF WISCONSIN, Appellant.

*May 26—June 13, 1916.*

*Appeal: By whom taken: Dismissal: Appealable orders: Summons signed by nonresident attorneys: Amendment: Jurisdiction: What defects curable: Workmen's compensation: Action to review award: Service of summons on industrial commission and on claimant.*

1. Only a party aggrieved by a judgment can appeal therefrom.
2. Where a party to an action, who is not aggrieved by the judgment rendered therein, appeals therefrom, the appeal should be dismissed.
3. An order denying a motion to set aside a summons is not appealable.
4. If, notwithstanding denial of the motion of one party defendant to set aside the summons and dismiss the proceedings, a like motion by a codefendant is granted and a judgment of dismissal is rendered, the one whose motion was denied cannot appeal from such judgment as an aggrieved party.
5. A summons signed by nonresident attorneys is not wholly void; it is only irregular and the service thereof affords the court jurisdiction to allow such summons to be perfected by amendment.
6. The rule that a matter which is wholly void cannot be amended does not extend to irregularities, not going to jurisdiction, which are amendable under sec. 2830, Stats., for the purpose and subject to the conditions and restrictions therein mentioned.
7. Under sec. 2830, Stats., the only limit to the power of amendment, when applied for in due course, is that it must be exercised "in furtherance of justice," the only condition of such exercise is that it must be upon such terms as may be just, and the scope of it includes all proceedings in any action and mistakes in any respect.
8. The rule that a void proceeding is not amendable applies only where there was no power to do the thing attempted to be done in a defective manner; given power to do the thing, and a good-faith, but defective way of doing it, and the infirmity is curable by amendment under sec. 2830, Stats., for the purposes, and subject to the condition and restrictions therein mentioned.

9. The language of sec. 2394—19, Stats., to the effect that service upon the industrial commission in a specified way shall be deemed a completed service, relates only to service on the commission.

10. The requirement of sec. 2394—19 that the adverse party shall be joined as a defendant with the industrial commission, by necessary implication, requires service of the summons to be made upon such party, and that he be accorded all rights of a defendant, in an action.

[Syllabus by MARSHALL, J.]

APPEALS from a judgment and order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Judgment reversed; one appeal dismissed.*

Action to set aside an award of the *Industrial Commission,* made in due course, on account of the injury and death of John G. Peterson.

Mr. Peterson was injured while engaged at his work as an employee of plaintiff *Hammond-Chandler Lumber Company,* which was subject to the Workmen's Compensation Act, and was insured against losses within the scope of such act by plaintiff *Lumbermen's Mutual. Casualty Company.* Peterson died from his injury. Such proceedings were thereafter duly taken, upon the application of defendant *Nelson,* as guardian of the minor son of deceased, that the *Industrial Commission* awarded compensation for such injury and death. The award was made August 15, 1915. September 15th, thereafter, by a summons and complaint in due form, but signed by nonresident attorneys having their place of business at Minneapolis, Minnesota, the *Lumber Company* attempted to commence an action in the circuit court for Dane county, Wisconsin, to set aside such award. S. M. Wilcox, member of the *Industrial Commission,* by a writing indorsed on the papers, admitted service of a copy thereof. The attorney for the applicant verbally agreed to accept service of such papers for him with the same effect as if they were served on such applicant, personally, and pursuant thereto a copy there-

of was sent to such attorney, by mail, and received. The *Industrial Commission* appeared specially in the circuit court and moved to quash the summons upon the ground that it was not issued by any person or persons authorized to issue summonses in this state. The applicant likewise appeared and moved the court. October 27, 1915, a decision was announced that the motion of the *Industrial Commission* would be denied upon the ground that it waived the defect in the summons by one of its members signing the admission of service. January 6, 1916, the court announced a decision that the motion of the applicant would be granted upon the ground that no such summons as the statute requires was served on him, and there was no waiver of such service. The next day proceedings were duly commenced to obtain an amendment perfecting the summons and complaint by adding the name and residence of a Wisconsin attorney. The motion in respect to the matter was seasonably heard. It was supported by proof that the irregularity in the summons was the result of excusable neglect and that some of the attorneys who did sign formerly were members of the bar of Wisconsin, and that their names still remained on the official roll of attorneys of such bar. February 2, 1916, a formal order was entered denying the motion of the *Industrial Commission* to quash the summons and granting the like motion of the applicant, and judgment was rendered dismissing the action.

The plaintiff appealed from that part of the judgment which denied the motion to amend, that part which granted the motion to quash, and that part dismissing the action. The *Industrial Commission* appealed from that part of the judgment denying its motion to quash.

For the plaintiffs there was a brief by *Adams, Crews, Bobb & Wescott* and *C. R. Welton,* and oral argument by *Mr. Dwight S. Bobb* and *Mr. Welton.*

For the defendant *Industrial Commission of Wisconsin* as respondent there was a brief by the *Attorney General* and

*Winfield W. Gilman,* assistant attorney general, which brief was adopted, on behalf of defendant and respondent *Nelson,* general guardian, by *Olin, Butler, Stebbins & Stroud.* There was also a separate brief for the defendant *Industrial Commission of Wisconsin* as appellant by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general. The cause was argued orally by *Mr. Gilman* and *Mr. Byron H. Stebbins.*

MARSHALL, J.    Only a party aggrieved by a judgment can appeal therefrom.    *Powers v. Powers,* 145 Wis. 671, 130 N. W. 888; *Larson v. Oisefos,* 118 Wis. 368, 95 N. W. 399. Where the party appealing is not in any way aggrieved, the appeal should be dismissed.    *Amory v. Amory,* 26 Wis. 152.

We are unable to discover wherein the *Industrial Commission* is aggrieved here.    It could not have appealed from the order denying its motion to set aside the summons because such an order does not fall within the appeal statute, sec. 3069.    It is not prejudiced by the judgment because, thereby, it, indirectly, obtained what it sought by its motion.    Really, it finds no fault with the judgment and desires to have it affirmed.

For the reasons stated the appeal by the *Industrial Commission* must be dismissed.    That does not militate against it, as respondent on the appeal by the *Lumber Company* and the *Casualty Company,* contending for an affirmance of the judgment upon the ground that it is right, whether rightly grounded by the trial court or not.

The idea which prevailed below was that a summons, signed by nonresident attorneys, is wholly void, not merely irregular and within the amendable defects provided for by sec. 2830, Stats., reliance being placed on *Whitney v. Brunette,* 15 Wis. 61, 70.    It was there said, by Mr. Justice PAINE, that a matter which is wholly void is not subject to amendment under the statute.    The remark was not neces-

sary to the decision and not concurred in by Chief Justice DIXON. It voiced a common-law rule which was, in great measure, at least, displaced by the Code. It has not been applied except in very extreme cases though, instead of being rejected or modified, expressly, it has been rendered quite harmless by defects, in most cases, being classed as irregularities, and hence subject to be disregarded under sec. 2829, Stats., or to be cured by amendment under sec. 2830, Stats.

The latter section, in its letter, is very broad. It should be read in its broad scope to effect the evident remedial purpose and spirit of the Code, which was to abolish, utterly, the practice which often had enabled a party to vexatiously prolong litigation and defeat justice, or render its attainment attended by unreasonably burdensome public and private expense. Under such section the only limit of the power of amendment is that it must be exercised "in furtherance of justice" and the only condition of the exercise of such power is that it shall be "upon such terms as may be just" and the scope of it includes all proceedings in any action and a mistake in any respect. If its plain language and purpose had been given effect by reference thereto in treating defects of the nature that we now have to deal with, there would be no doubt as to whether such defects fall within its beneficent provisions and, if necessary for harmony that they should be treated as rendering the proceeding affected merely irregular instead of a nullity. The statute itself makes no distinction and courts should not, within the scope of power, to do the thing, defectively done.

That the statute should be dealt with as suggested, there are many illustrations in our decisions. *Smith v. Smith,* 19 Wis. 522; *Morgan v. Bishop,* 61 Wis. 407, 21 N. W. 263; *Ill. S. Co. v. Budzisz,* 106 Wis. 499, 82 N. W. 534; *Gates v. Paul,* 117 Wis. 170, 94 N. W. 55.

We might extend this opinion to a very great length by citing and discussing authorities dealing with defects in sum-

monses. In almost every case where Code authority existed, as here, the defects were held curable by amendment. In a review of authorities in 1 Ency. Pl. & Pr. 658, it is well said that "By the common law, process was not amendable where it appeared upon the face of it that it was absolutely void. . . ." An amendment would be allowed where there was anything to amend by, "but . . . amendments have been allowed where there was nothing to amend by." "Under the modern statutes authorizing amendments . . . an amendment will generally be allowed whenever it is in furtherance of justice, if the court has jurisdiction of the parties and of the action in which the amendment is sought to be made." In this connection, it must be kept in mind that an irregularity does not go to jurisdiction, and that, if a party is brought into court in an irregular way, the court thereby obtains jurisdiction, at least, to cure the irregularity, under sec. 2830, Stats.

A summons is not a process,—it is a mere statutory notice. *Rahn v. Gunnison,* 12 Wis. 528. The summons in this case was regular in every way except for not being signed by Wisconsin attorneys with their address specified. The defendants were not misled in any way. There was power to do what was done, and hence the defective manner of doing it should not render it, necessarily, classable with absolutely void things to which the doctrine announced by Mr. Justice PAINE in *Whitney v. Brunette* should be strictly confined.

What has been said does not seem to need support by authority, but if it were otherwise, *Prentice v. Stefan,* 72 Wis. 151, 39 N. W. 364, and *Harvey v. C. & N. W. R. Co.* 148 Wis. 391, 134 N. W. 839, are ample. In each the defect was treated as a curable irregularity which did not go to jurisdiction. In the latter, the summons was treated as not having been signed at all and yet as not jurisdictionally defective. Certainly, if a summons so defective is good for jurisdiction if served under such circumstances as to inform the defend-

ant who the adverse party is, and the court invoked, a summons such as there was in this case, is good to the same extent.

Our conclusion is that the rule that a void proceeding is not amendable applies only where there is no power to do the thing which was attempted to be done; that, given power to do the thing, and a good-faith, but defective way of doing it, as in this case, and the infirmity is curable by amendment under sec. 2830, Stats., for the purpose and subject to the condition and restrictions mentioned therein; that courts should deal with the statute in a broad way so as best to promote the attainment of justice,—not narrowly so as to minimize its scope to less than that covered by its letter.

Sec. 2394—19, Stats., which provides for the commencement and prosecution of such actions as this, limits the time of commencement to twenty days from the date of the award, requires the *Industrial Commission* and the persons interested in supporting the award to be made parties defendant, and makes "service upon the secretary of the commission, or, any member of the commission, . . . completed service." The language of the statute is somewhat ambiguous, in that, while it requires the "adverse party," meaning the one in whose favor the award was made, to be made a defendant, and provides, specially, for service on the commission, it is silent as to service on such adverse party and says of that on the commission, in the manner specified, "shall be deemed completed service." However, it is considered that, by necessary inference, the legislature contemplated that the action would be governed by the general provisions of the Code where not otherwise provided. It would be unreasonable, if not absurd, to require the claimant under the award to be made a party defendant with no obligation to make service on him as a jurisdictional requisite to his being afforded his day in court. The fair meaning of the statute is that service on the commission in the manner specified "shall be deemed completed serv-

ice" on it, and that the requirement as to making the "adverse party" a defendant includes that of making service on such party as in ordinary cases.

What has been said sufficiently covers the contention that the application to allow the summons to be perfected by amendment was properly denied, because the time for commencing the action was limited to twenty days and without a proper summons there could be no action started within that time. A mere irregular manner of commencing the action is one thing, and a far different thing from not commencing an action at all. If jurisdiction attaches within the prescribed time, that is sufficient. This is in harmony with *Telford v. Ashland,* 100 Wis. 238, 75 N. W. 1006, and *Relyea v. Tomahawk P. & P. Co.* 102 Wis. 301, 78 N. W. 412, and other cases to which our attention is called.

It is finally claimed by respondents that the judgment should be affirmed upon the ground that it would have been the duty of the court to have denied the application to amend, on the merits, because of the long delay in making it. It seems otherwise. Appellant supposed, and not without reason, that the service made would be held sufficient, up to a day before the application for leave to amend was made. There was no inexcusable delay and no delay which materially prejudiced respondents. We may well assume that had the trial court supposed it possessed power to allow the summons to be perfected, that power would have been exercised on such terms as would be just.

*By the Court.*—The appeal of the *Industrial Commission* is dismissed. The judgment is reversed on the appeal of the *Hammond-Chandler Lumber Company* and *Lumbermen's Mutual Casualty Company* without costs, and the cause is remanded with directions to vacate the order, entered on the motion of defendant *Nelson,* quashing the summons and for further proceedings according to law.