Township of Westport, Appellant, vs. City of Madison, Respondent.*

Township of Burke, Appellant, vs. Same, Respondent.*

*May 18—June 15, 1945.*

* Motion for rehearing denied, with $25 costs, in one case only, on September 11, 1945.

For the appellants there was a brief by *Lowell T. Thronson,* attorney, and *Joseph G. Hirschberg* of counsel, and oral argument by *Mr. Thronson* and *Mr. Randolph R. Connors,* all of Madison.

For the respondent there was a brief by *Harold E. Hanson,* city attorney, and by *Wm. J. P. Aberg, amicus curiæ.*

FAIRCHILD, J.    Appellants' contention that the first service of summons was valid cannot be maintained.    Sec. 262.09 (2), Stats., specifically provides that service shall be had on either the mayor or city clerk of a city, and sec. 262.09 (1) provides that "in lieu of delivering the copy to the officer specified, the copy may be left in his office with the person who is apparently in charge of the office."    The statute must be

strictly complied with and failure to serve the summons in the manner prescribed by statute left the summons unserved and the attempted service was properly quashed.

The question is now presented as to the validity of the second attempt to serve the summons.

The time of commencing an action to contest the validity of annexation proceedings is fixed by statute and the limitation is of importance. The action must be within ninety days of the date when the annexation ordinance is adopted. Sec. 62.07 (3), Stats. The papers were delivered to the sheriff on the 22d day of November, just two days before the expiration of that period. Our statute, with relation to attempts to commence an action, provides that such an attempt shall be deemed equivalent to the commencement of the action within the meaning of any provision of law which limits the time for the commencement of an action, when the summons is delivered to the sheriff with the intent that it shall be actually served. Sec. 330.40, Stats. All this occurred. That the intention of the appellants was to have actual service quite fully appears from the fact that the same summonses were used again by delivering to and leaving them with the city clerk.

The circuit court was of the opinion that the summonses had spent themselves and under the rule of "*functus officio*" applied to writs issued by a court, held that appellants had not succeeded in making valid service. Our summons, while part of the process system, is but a notice of a proposed action and differs in nature and effect from a writ procured from a court. *Porter v. Vandercook* (1860), 11 Wis. *70; *Zielica v. Worzalla* (1916), 162 Wis. 603, 156 N. W. 623. In this state the primary purpose of the service is to give notice to defendant that an action has been commenced against him. *Hammond-Chandler L. Co. v. Industrial Comm.* (1916) 163 Wis. 596, 158 N. W. 292; *Rahn v. Gunnison* (1860), 12 Wis. *528. Thus, the summons may be amended

if there are minor errors. No seal is required (*Porter v. Vandercook, supra*), and omissions in the summons which are supplied by the complaint will not invalidate the service. Therefore, in Wisconsin the summons is not a writ issuing from a court and the return of the summons to the court does not render it "*functus officio.*" And if it is thereafter properly served within the sixty-day period provided by sec. 330.40, Stats., the action will be deemed commenced from the date the summons was originally given to the sheriff with the intention that it be served. Since here the summonses were served within the sixty-day period, the actions were commenced timely.

These conclusions would ordinarily call for a reversal of the judgments and a remand to the circuit court for further proceedings which would mean a trial of the actions on the merits. However, we are deciding herewith the cases of *State ex rel. Madison v. Walsh,* and *State ex rel. Madison v. McCoy, ante,* p. 317, 19 N. W. (2d) 299, in which the merits of this action were considered and decided by a trial court and are properly before this court for review. By stipulation the parties have agreed that all questions relating to the validity of the annexation proceedings shall be determined upon these two appeals. In view of the fact that the question concerning the validity of annexation has been litigated in the *mandamus* proceedings heretofore referred to, it is considered that the only matter left is that which affects the rights of the parties to costs. Hence, we see no purpose to be served by remanding the record for further proceedings. In order, however, that the costs may be properly allocated, we have determined the issue as to the validity of the summonses, and having decided this in favor of the contentions made by appellants, we enter a mandate merely reversing the judgments in order that appellants may have the costs to which they are entitled.

*By the Court.*—Judgments of dismissal are reversed—plaintiffs to have their costs below and here.