HOWARD, Receiver, Plaintiff and Respondent, v. PRESTON (Michael D.) and others, Defendants: PRESTON (Dorothy M.), Defendant and Appellant.*

*April 12—May 10, 1966.*

* Motion for rehearing denied, with costs, on July 1, 1966.

For the appellant there was a brief by *Michael D. Preston,* attorney, and *Thomas P. Maroney* of counsel, both of Milwaukee, and oral argument by *Mr. Preston.*

For the respondent there was a brief by *Goldenberg & Weber,* attorneys, and *Samuel Goldenberg* of counsel, all of Milwaukee, and oral argument by *Samuel Goldenberg.*

HALLOWS, J. The sole question on appeal is whether the trial court obtained personal jurisdiction of the appellant so that a valid judgment of foreclosure could be entered as to her joint-ownership interest in the home. The suit was commenced by a summons and complaint which were given to a process server in the city of Milwaukee for personal service. When Mrs. Preston was not found at her home the process server telephoned her husband at his office and according to the process server's testimony was told by Preston to send the papers over to Preston's office and he would admit service for his wife and himself. Upon being presented with the summons and complaint, Preston endorsed upon the summons the following language, "Service admitted" (which he apparently crossed out) and then "Copy received, Michael D. Preston and Dorothy Preston by M. D. Preston, husband, 8-17-64." The process server made no affidavit of service, apparently accepting this legend on the summons as being a valid admission of service of process on both Mr. and Mrs. Preston. The propriety or validity of the service was not questioned by the plaintiff or his attorney.

The summons and complaint were filed in the circuit court and upon the expiration of twenty days, an affidavit of no answer was made by the plaintiff's attorney and a notice of application for judgment was served in

the following manner. Upon this notice Mr. Preston endorsed "Copy received Sept 8, 1964 M. D. Preston" and also significantly "Service admitted for D. Preston Sept 8, 1964 by M. D. Preston her husband." On September 21, 1964, Preston filed a notice of retainer on behalf of himself as a defendant but no notice of retainer for his wife. The same day the plaintiff had findings of fact and conclusions of law entered by the court. A copy was received by Preston on September 23d and he also endorsed upon the original "Service admitted for D. Preston by M. Preston her husband."

These findings of fact do not recite any service of the summons and complaint, personally or otherwise, upon Michael D. Preston and Dorothy M. Preston and only state that the Prestons "having failed to appear, but who have received notice of application for judgment." This language in reference to Michael D. Preston and Dorothy M. Preston was repeated in the introductory clause of the judgment of foreclosure which was entered on October 2, 1964, service of which was admitted on behalf of Mr. Preston by someone in his office. The judgment provided for the foreclosure and sale of the property and for application of a deficiency judgment against the Prestons upon the usual conditions. The receipt of the notice of judgment was noted by someone on behalf of Preston at his office. Neither the notice of entry of judgment nor the judgment contains any admission of service in any form on behalf of Dorothy Preston.

The next chronological document we find in the record is the notice of sale dated October 15, 1965. This document was served personally upon the appellant and on Michael D. Preston by leaving a copy with his wife at his place of abode. A few weeks thereafter Mr. Preston served a notice of retainer and special appearance for his wife, and in his capacity as a lawyer objected to the jurisdiction of the court. Upon his affidavit that the appellant had never been personally served, an order to

show cause was entered why the judgment against Dorothy M. Preston should not be vacated.

A hearing was had upon this motion at which the process servers and Preston testified. The appellant Mrs. Preston did not testify nor was she called. The court denied the motion to set aside the judgment and this appeal followed.

The testimony concerning the service of the summons is conflicting. The process server testified that Mr. Preston told him he would admit service for himself and his wife of the summons and complaint. Mr. Preston claimed that he had no authority from his wife to admit service for her and so informed the process server, and that was why he designated himself her husband and not her attorney for the receipt of the copy of the summons. Mr. Preston explained his "Admission of service" rather than "Copy received" as her husband on subsequent papers was to satisfy the process server who wanted an admission of service. Mr. Preston also testified he did not at any time advise his wife of the pendency of the foreclosure action and her first knowledge thereof was when she was personally served with the notice of sale.

The trial court apparently did not believe the testimony of Mr. Preston when he stated he did not have authority from his wife to admit service and considered Preston's actions as binding upon his wife. However, a disbelief of the testimony of Mr. Preston does not supply the necessary proof which is absent in the record, of jurisdiction over Dorothy M. Preston.

The record in this case shows no service pursuant to sec. 262.06, Stats., which provides a court having subject-matter jurisdiction may exercise personal jurisdiction over a defendant by service of the summons in the manner therein set forth. Here, there was no personal service of the summons upon the appellant by delivery of the summons to her by any process server, nor was substitut-

ed service obtained by leaving a copy of the summons at the appellant's usual place of abode in the presence of some competent member of the family at least fourteen years of age who was informed of its contents. True, a copy of the summons was left with the appellant's husband but at his office and under such circumstances that substituted service was not contemplated. Nor was the summons served by publication and mailing or any attempt made to proceed *in rem.*

Under sec. 262.06 (1) (d), Stats., which provides for service of a summons upon an agent authorized by appointment or by law to accept service of the summons for the defendant, it may be claimed Preston was the authorized agent of his wife. Mr. Preston, however, testified he had no such authority or appointment. The record discloses none, and the law no longer provides the husband by virtue of the marital relationship is an agent of his wife authorized to accept service for her. At common law in early equity practice and under early statutes suits against husband and wife were commenced by service upon the husband alone and he answered for both spouses. However, this practice was not followed when the suit was directed against the wife's separate estate. Under the Married Women's Acts, process and service of a suit on a woman must be made upon her as an individual and like service on any other party defendant. 27 Am. Jur., Husband and Wife, p. 213, sec. 613. Since the appellant has not made a general appearance and up to the time of the notice of sale had not appeared, any service of the summons upon the appellant must be predicated upon the action of Mr. Preston in accepting service. Even if he did not have authority to admit service of the summons for his wife when he said he would, such exercise of authority might have been ratified by the appellant. See *Gilbert-Arnold Land Co. v. O'Hare* (1896), 93 Wis. 194, 197, 67 N. W. 38. But there is no proof of such ratification upon which to estop the appellant. The plaintiff

relies upon *Westport v. Madison* (1945), 247 Wis. 326, 19 N. W. (2d) 309; *Hammond-Chandler Lumber Co. v. Industrial Comm.* (1916), 163 Wis. 596, 158 N. W. 292; and 72 C. J. S., Process, p. 1022, sec. 25. The first difficulty with this argument is that there is no evidence in the record the appellant had knowledge of the pendency of the action. It may be surmised she had knowledge but there is no proof. More importantly, knowledge of the pendency of a suit is not the equivalent of service. For a court to obtain jurisdiction over a person, a summons must be served as provided by the statutes. Slipshod and haphazard attempts to serve are not sufficient. Likewise, an admission of service should be unequivocal. Before a judgment may be entered against a defendant who fails to appear in an action within the required time, sec. 262.18 requires proof of the service of the summons and in addition provides where a personal claim is made against the defendant, as here, for a deficiency judgment, the court may require such additional proof as justice may require. Here, the court heard testimony but this failed to show personal jurisdiction over the appellant.

Upon oral argument Mr. Preston stated he saw no unethical conduct or any question of ethics involved in endorsing the summons with a "Copy received" and subsequent documents with an admission of service on behalf of his wife as "husband" although he now claims he had no authority to do so. The record appears to disclose a studied attempt on the part of Mr. Preston to give the appearance of an admission of service on behalf of his wife and to thus deceive a fellow lawyer. It is significant that only after the period of redemption had expired and the appellant was personally served that Preston solely on his own affidavit and upon a special appearance for his wife raises the question of proper personal service upon her.

This court is greatly disturbed by the action as shown by the record of Mr. Preston, an attorney and officer of

this court, and since he is here not as a party to this appeal but as attorney for his wife, this case will not be retained, but his conduct in this case and that involved in *Frick v. Howard, supra,* is hereby called to the attention of the Board of State Bar Commissioners for its investigation and recommendation.

*By the Court.*—Order reversed.

CURRIE, C. J. (*dissenting*). I respectfully dissent and would affirm the order of the circuit court.

A presumption of regularity attends a judgment of a court of general jurisdiction and it is also presumed that jurisdiction over the parties has rightfully been acquired and exercised.[1] The burden is upon the party asserting want of jurisdiction to show such want.[2] The majority opinion is grounded on the premise that the burden of proof was on the plaintiff to establish that Michael D. Preston had authority to admit service for his wife. This renders nugatory the presumption of jurisdiction that attached to the circuit court's judgment of foreclosure and sale.

Here defendant Dorothy M. Preston did not meet her burden of proof, which was to prove that her husband was not authorized to admit service in her behalf. As the majority opinion states the learned trial judge did not believe Michael D. Preston's testimony. Furthermore, the trial court was entitled to apply the general rule, that the failure to call a material witness, whom it would be more natural for such party to call than the opposing party, raises an inference against the former.[3] If there is one thing that sticks out like a sore thumb in the record of this case it is the failure of Mrs. Preston, who

---

[1] 21 C. J. S., Courts, p. 149, sec. 96a.

[2] *Dellinger v. Clark* (1951), 234 N. C. 419, 67 S. E. (2d) 448.

[3] *Lubner v. Peerless Ins. Co.* (1963), 19 Wis. (2d) 364, 371, 120 N. W. (2d) 54; *Feldstein v. Harrington* (1958), 4 Wis. (2d) 380, 90 N. W. (2d) 566; 2 Wigmore, Evidence (3d ed.), p. 162, sec. 285.

is the person in whose name the attack upon the jurisdiction of the court is being made, to take the stand and testify with respect to the crucial issue which lay entirely within her own knowledge. Even the affidavit which launched the attack was subscribed by her husband and not by her.