MILWAUKEE COUNTY, Respondent, v. SCHMIDT, GARDEN & ERIKSON, a partnership, and others, Appellants.

*April 11—May 9, 1967.*

---

[2] *Browne v. State* (1964), 24 Wis. (2d) 491, 511, footnote 23, 129 N. W. (2d) 175, 131 N. W. (2d) 169.

For the appellants there were briefs by *Niebler &
Herro,* attorneys, and *Chester J. Niebler* of counsel, all of
Milwaukee, and oral argument by *Chester J. Niebler.*

For the respondent there was a brief by *Robert P.
Russell,* corporation counsel, and *James J. Bonifas,* assistant corporation counsel, and oral argument by *Mr. Bonifas.*

HANSEN, J. The issue raised in this appeal is: Does
the service of a summons without a copy of the verified
complaint on a nonresident when followed by defendant's
letter demanding a copy of the complaint and the subsequent service thereof, pursuant to such demand, confer
personal jurisdiction over the defendant?

Sec. 262.12, Stats., provides as follows:

"262.12 **Summons, what must accompany when served.**
(1) PERSONAL JURISDICTION . . .
"(b) When personal service is made without this state
upon the defendant, a copy of the verified complaint
shall accompany the summons."

"262.16 **Raising objection to personal jurisdiction, general appearance.** (1) GENERAL APPEARANCE. An appearance of a defendant who does not object to the
jurisdiction of the court over his person is a general
appearance and gives the court personal jurisdiction over
him.
"(2) HOW AND WHEN OBJECTION SHALL BE MADE.
An objection to the court's jurisdiction over the person
is not waived because it is joined with other defenses or
motions which, without such objection to jurisdiction,
would constitute a general appearance. Such objection
shall be raised as follows:
"(a) By motion when a defect is claimed in the service
of the summons without a complaint; . . .

"(6) WAIVER OF OBJECTION TO LACK OF PERSONAL JURISDICTION. Except as provided in sub. (5), an objection to the jurisdiction of the court over the person is waived if not made as provided in this section."

The trial court correctly determined that had the defendants done nothing, the service of the summons alone would have been totally ineffective. Also, the trial court would have been compelled to grant defendant's motion had they proceeded as provided in sec. 262.16 (2) (a), Stats., instead of demanding a copy of the complaint prior to doing so.

Clearly and admittedly, a copy of the verified complaint did not accompany the summons. Equally self-evident is the fact that the defendants did not follow the procedure set forth in sec. 262.16 (2) (a), Stats., but on the contrary, chose to demand a copy of the complaint, which demand was recognized by the plaintiff by serving a copy of the verified complaint upon the defendants. No objection has been raised as to the method of the service of either the summons or the verified complaint.

The defendants contend that they have not made a general appearance and therefore can raise the issue of jurisdiction, citing *McLaughlin v. Chicago, M., St. P. & P. R. Co.* (1964), 23 Wis. (2d) 592, 596, 127 N. W. (2d) 813, and several other authorities. In view of the specific language of the statutes involved, we do not deem the matter of whether or not the defendants made a general appearance to be a controlling factor.

The expression of legislative intent contained in sec. 262.01, Stats., directs that ch. 262 be liberally construed to the end that actions may be speedily and finally determined on their merits. *Huck v. Chicago, St. P., M. & O. R. Co.* (1958), 4 Wis. (2d) 132, 90 N. W. (2d) 154.

The purpose of a summons is to give notice to the defendant that an action has been commenced against him. *Hammond-Chandler Lumber Co. v. Industrial Comm.*

(1916), 163 Wis. 596, 158 N. W. 292; *Westport v. Madison* (1945), 247 Wis. 326, 328, 329, 19 N. W. (2d) 309; *Rosenthal v. Rosenthal* (1961), 12 Wis. (2d) 190, 195, 196, 107 N. W. (2d) 204; *Mohr v. Manierre* (1879), 101 U. S. 417, 25 L. Ed. 1052. Due process is satisfied by service in some manner reasonably calculated to give notice to defendant of the pendency of an action and to afford him a day in court. *Mullane v. Central Hanover Trust Co.* (1950), 339 U. S. 306, 70 Sup. Ct. 652, 94 L. Ed. 865. There can be no doubt that the defendants did obtain notice by service of the summons. However, the legislature has the right to determine the manner in which that notice shall be given and how objections to improper notice may be raised.

Therefore, the summons is the important document. *Stewart v. Transcontinental Car Forwarding Co.* (1938), 169 Misc. 427, 7 N. Y. Supp. (2d) 926. It has been held that the defendant did not waive his rights in demanding a complaint when he persistently and consistently expressly reserved all rights in his communications.

"The reservation of rights was continually made and the intention not to waive any rights as a matter of fact is clear throughout." *Williams v. Hatcher* (1913), 95 S. C. 49, 56, 78 S. E. 615, 617.

In the instant case, the letter stating a demand for the complaint reveals no such intention and, in fact, by the clear use of a formal caption indicating venue and title and language such as "we hereby serve upon you a demand for a copy of the complaint" clearly indicates that the defendants deem themselves active participants in the case.

Having reached the foregoing conclusion, it is not necessary to determine whether or not the provisions of sec. 262.12 (1) (b), Stats., are directory or mandatory.

Considering all of the facts and circumstances and the provisions of ch. 262, Stats., particularly in light of the

legislative intent expressed in sec. 262.01, we conclude that the determination of the trial court was correct and that the defendants waived their right to object to the jurisdiction of the court.

*By the Court.*—Order affirmed.