TOWN OF WASHINGTON, Appellant, v. VILLAGE OF CECIL, Respondent.

*No. 168. Argued January 3, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 674.)

For the appellant there was a brief and oral argument by *Orville S. Luckenbach* of Shawano.

For the respondent there was a brief by *Aschenbrener & Koenig* and *Gerald L. Koenig,* all of Shawano, and oral argument by *Gerald L. Koenig.*

ROBERT W. HANSEN, J. Here service upon the village of Cecil was attempted by leaving a copy of the summons and complaint with the wife of the village clerk at their residence. If the village clerk had been the defendant, and could not be located, the statutes provide that a copy of the summons may be left at the defendant's usual place of abode in the presence of some competent member of the family.[1] However, where the action is against a village as a municipal corporation, the statutes provide only that service must be made on "the president

---

[1] Sec. 262.06 (1) (b), Stats.

or clerk thereof" or "left in the office of such officer." [2] This statute ". . . must be strictly complied with . . . failure to serve the summons in the manner prescribed by statute left the summons unserved and the attempted service was properly quashed." [3] Even if the village secured actual notice by service upon the wife of an official, the service is invalid if not made in the manner required by the statute. [4] On appeal, we are urged to consider the possibility that the village clerk's home was his office or that his wife may have been a deputy village clerk. The place and time to make such argument or establish such additional facts was in the trial court on the motion to quash. The trial court found: ". . . No testimony was offered or taken and it is doubted that any proofs would alter the factual situation . . . ." Failure to offer testimony or object to the trial court's statement constituted waiver. [5] The trial court holding that the attempted service did not comply with the statute providing for service upon a village must be affirmed as entirely correct.

*By the Court.*—Order and judgment affirmed.

---

[2] Sec. 262.06 (4) (a) 4, and 262.06 (4) (b), Stats.

[3] *Westport v. Madison* (1945), 247 Wis. 326, 327, 328, 19 N. W. 2d 309 (holding attempted service properly quashed where copy of summons was left with the wife of the mayor).

[4] *See: Milwaukee County v. Schmidt, Garden & Erikson* (1967), 35 Wis. 2d 33, 37, 150 N. W. 2d 354.

[5] ". . . waiver arises where a party acquiesces in the statement of the court that no evidence is necessary on a certain point because no one questions its truth. . . ." 53 Am. Jur., *Trial*, pp. 93, 94, sec. 105.