JERRY D. MCCORMACK, District Attorney Langlade County
You request my opinion whether a sheriff or a city policeman is entitled to service and mileage fees where such officer arrests a person for a traffic violation without a warrant under the provisions of sec. 345.22, Stats., or under sec. 968.07 (1) (d), Stats., where no summons or warrant has been issued, and where such officer issues a uniform traffic citation pursuant to secs.345.23, 345.25 and 345.11, Stats.
I am of the opinion that no service or mileage fees can be charged with specific respect to issuance of the citation. This would not preclude such officer from claiming reimbursement for mileage for patrolling where his arrangement with the governmental unit permits reimbursement; however, such costs cannot be assessed against the violator if convicted or claimed from the governmental unit with respect to the specific case which may result from issuance of the citation. This opinion is not concerned with fees such officer might be entitled to where a person arrested for a criminal offense escapes from custody of the officer and pursuit is necessary. See secs. 59.28 (34) and60.55 (14), Stats.
Public officers are only entitled to those fees which are provided by law. Section 946.12 (5), Stats., provides a criminal penalty for an officer who intentionally solicits or accepts fees which are greater or less than fixed by law. Section 345.55 (1), Stats., which is only indirectly in point, provides:
 "(1) No traffic officer shall demand, solicit, receive or be paid any remuneration upon the basis of number of arrests made, convictions obtained or amount of fines collected."
Section 59.28 (1), (2) (a), and (27), provides in part: *Page 100 
 "59.28 Sheriff; fees. Every sheriff shall be entitled to receive the following fees in advance for his services providing the county board approves advance payment:
 "(1) For serving a summons or any other process by which action shall be commenced, or writ or order of injunction or other order, and making a return thereon, for one defendant, $2; for each additional defendant, $1; for attempting to serve, one-half of the foregoing fees. In counties having a population of 500,000 or more, the full fee shall be charged for attempted service.
 "(2) (a) Except in counties having a population of 500,000 or more, traveling in making service of any summons, writ or other process, except upon criminal warrants, 10 cents per mile for each mile actually traveled going and returning. The sheriff shall serve all process, orders and papers in any one action or proceeding which may then be in his hands for service, which can be served at the same time and upon all persons upon whom service is required who can be served in the same journey, and he shall be entitled to one mileage for the greatest distance actually traveled by him to make such service, and no more . . . .
"* * *
 "(27) Traveling to serve any criminal process for every mile actually traveled, ten cents per mile, whether in the county from which process issued or not, and actual and necessary disbursements for board and conveyance of prisoner."
Section 62.09 (13) (a), Stats., provides in part:
 "(13) POLICE. (a) . . . They shall collect the same fees allowed to constables for similar services."
Section 60.55 (1) and (2), Stats., provides:
 "60.55 Fees. Constables may receive the following fees:
 "(1) For serving a summons or any other process by which action is commenced, or writ or other order, and making return thereon, for one defendant, $2; for each additional defendant, $1; for attempting to serve, one-half of the foregoing fees. *Page 101 
 "(2) For traveling in making service of any process or to post any notice, 10 cents per mile for each mile actually traveled going and returning. The constable shall serve all papers in any action or proceeding which may then be in his hands for service, which can be served at the same time and upon all persons upon whom service is required who can be served in the same trip. He shall be entitled to one mileage payment for the greatest distance actually traveled by him in making such service or posting."
At the time of issuance by the officer, a uniform traffic citation is neither "a summons or other process by which action shall be commenced."
Under sec. 345.11 (2), Stats., the uniform traffic citation consists of four parts: ". . . a complaint, a report of conviction and abstract of court record for the department, a police record and report of action on the case and a traffic citation and stipulation of guilt . . . ." Also see Wis. Adm. Code, MVD 21.
The traffic officer does not include an affidavit or certificate of service when he files the complaint copy of the citation in court.
Section 345.11 (5), provides that the uniform traffic citation:
 ". . . shall be deemed adequate process to give the appropriate court jurisdiction over the subject matter of the offense upon the filing with such court of the uniform traffic complaint." (Emphasis added.)
As used in sec. 345.11 (5), Stats., the word "process" refers to invoking subject matter jurisdiction and not to acquiring personal jurisdiction. A traffic citation is only a notice. It does not function as a summons and does not compel a court appearance. Thus, it does not confer personal jurisdiction upon the court. The citation does not become "process" even in a limited sense until filing of the complaint with the court. A person who appears in court in response to a traffic citation appears voluntarily and by such an appearance submits to the jurisdiction of the court over his person. If he does not appear voluntarily, the court will issue a summons or a warrant and thus obtain personal jurisdiction. *Page 102 
An action to recover a forfeiture is a modern version of the old common law action of debt. It is proper to plead that the defendant is indebted to the plaintiff in a stated amount because of a violation of statute. It is a civil action as distinguished from a criminal action, or special proceeding as those terms are defined in secs. 260.02 and 260.03, Stats. Section 262.02 (1), Stats., provides that a civil action is commenced by service of a summons or original writ, and sec. 59.28 (1), Stats., specifies the fee the sheriff may charge for the service of a summons or other process. In Zielica v. Worzalla (1916), 162 Wis. 603, 608,156 N.W. 623, the court said:
 ". . . The circuit court summons is not a writ or process issued out of court, but simply a notice given to defendant by plaintiff.
In Westport v. Madison (1945), 247 Wis. 326, 328-329,19 N.W.2d 309, the court said:
 ". . . Our summons, while part of the process system, is but a notice of a proposed action and differs in nature and effect from a writ procured from a court . . . In this state the primary purpose of the service is to give notice to defendant that an action has been commenced against him . . . . Therefore, in Wisconsin the summons is not a writ issuing from a court . . ."
In Tarczynski v. Chicago, M., St. P. and P. R. Co. (1952),261 Wis. 149, 153-154, 52 N.W.2d 396, the court concluded that the broader meaning of the word "process" includes a summons. Thus, it is clear that a civil action to recover a forfeiture is commenced by the service of a summons and not a writ issued by a court, and that a summons is now regarded as process.
In order to expedite the large volume of traffic cases, the legislature has simplified the complaint and eliminated the use of a summons at the initial stages of the proceeding. A violator is given a citation which is merely a notice to him to appear in court. It is not a notice that a civil action has been commenced against him, and it does not compel his appearance. If he does not then appear voluntarily, a summons or warrant will be issued to compel his appearance and obtain jurisdiction over his person. At this point, a civil action has been commenced against him. The legislature has further provided, in sec. 345.11 (5), Stats., that the use of the *Page 103 
uniform traffic citation and complaint, ". . . shall be deemed adequate process to give the appropriate court jurisdiction over the subject matter of the offense upon the filing with such court of the uniform traffic complaint." It is to be noted that this statute does not say that the use of the citation gives the court jurisdiction over the person of the defendant. If it did, then such citation might be regarded as process, because the function of process is to obtain jurisdiction of the person. The citation given to the motorist is not a summons because it does not comply with the requirements for a summons set forth in secs. 262.10 and 262.11, Stats., and it does not compel the person to appear in court. The citation is not a writ or other process issued by a court which would confer upon the court jurisdiction over the person of the defendant.
The complaint copy of the citation is filed with the court. This is only a pleading which charges the offense. Such complaint is not process because it does not confer personal jurisdiction upon the court. Similarly, the filing of the complaint with the court does not create subject matter jurisdiction in the court, for the reason that subject matter jurisdiction is created or conferred only by law.
In Pillsbury v. State (1966), 31 Wis.2d 87, 94,142 N.W.2d 187, the court said:
 ". . . jurisdiction of the subject matter is a power of a court to inquire into the charge of the crime, to apply the law, and to declare the punishment in the court of a judicial proceeding and is conferred by law . . . ."
Section 345.30, Stats., confers, upon certain courts, subject matter jurisdiction over actions for violation of traffic regulations. The filing of the complaint with the court merely invokes the subject matter jurisdiction of the court created by law, but the court must then acquire personal jurisdiction before it can proceed further.
By sec. 345.11, Stats., the legislature has created a hybrid type of legal procedure designed to handle the large volume of traffic cases. The traffic officer writes out the citation in quadruplicate. He hands the citation copy to the violator. This merely tells the person that he has violated a certain law and fixes the court date. This is merely a notice and is signed by the arresting officer. It is not a summons, writ, process or pleading. It is not served upon the person. The *Page 104 
officer makes no certificate of service or return. The complaint copy is forwarded to the court where it is signed by the so-called "court officer" upon information and belief. This is not process. It is the pleading which charges the offense. Such a pleading does not confer or create either personal jurisdiction or subject matter jurisdiction.
The court already has subject matter jurisdiction by virtue of sec. 345.30, Stats. If the person appears in court and makes a general appearance, this act confers upon the court jurisdiction over his person. If he does not appear voluntarily and has not made a deposit, the court does not yet have personal jurisdiction over him. At that point, the court issues a warrant for his arrest, as provided by sec. 345.37 (1), Stats. His arrest on the warrant and appearance in court confer personal jurisdiction upon the court.
If he has made a deposit and fails to appear in court, sec.345.37 (2), Stats., provides the citation may serve as the initial pleading, and he shall be deemed to have tendered a plea of no contest and to have submitted to a forfeiture plus costs. The effect of this is that by making the deposit and not showing up in court, the person has submitted to the personal jurisdiction of the court and the court may proceed to enter judgment.
In summary: Personal jurisdiction is acquired by the service of a summons or other process. The issuance of a traffic citation does not confer personal jurisdiction upon the court. If it did, there would be no need for the subsequent issuance of a warrant or, in some cases, a summons as provided by statute. Thus, a traffic citation is not a summons, writ, or other process, and the statutes providing fees for the service of summons or process are inapplicable. The language of sec. 345.11 (5), Stats., relating to adequate process to give the court subject matter jurisdiction, does not change these basic principles. What this language means is that the complaint copy of the citation is sufficient as a complaint to charge the offense. Thereafter, the court can proceed to adjudicate the matter when it acquires personal jurisdiction by voluntary appearance, or issuance of a warrant or summons, or as provided in sec. 345.37 (2), Stats., where a deposit has been made.
RWW:RJV:AH *Page 105