**CONSUMERS SERVICES, Inc.**
v.
**CLEAVER–BROOKS CO.**
Civ. No. 2340.

United States District Court,
D. Minnesota, Third Division.

Jan. 19, 1954.

Douglas Hall (of Hall, Smith & Hedlund), Minneapolis, Minn., for plaintiff.

John L. Hannaford (of Doherty, Rumble & Butler), St. Paul, Minn., for defendant.

DONOVAN, District Judge.

Summarizing the contents of the file in the instant case, it appears that in the summer of 1951 plaintiff, a Minnesota corporation, was one of defendant's dealers in Minnesota in connection with the sale of defendant's oil-burner products. Plaintiff, as an outgrowth of a sub-contract entered into between plaintiff and a third party, claims breach of warranty as to certain equipment sold to plaintiff by defendant. In attempting to commence its action in this forum, plaintiff obtained service of process upon one J. W. Nienaber, doing business as Hazel Park Fuels, in St. Paul, Minnesota, one of defendant's distributors in the State of Minnesota.

Defendant, a Wisconsin corporation, contending that it had not appointed an agent to accept service of process, appeared specially and moved the Court for an Order quashing service upon two grounds, (1) that Nienaber was not a proper person for service of process, and (2) that defendant corporation is not "doing business" in Minnesota.

Argument on the motion was continued to permit plaintiff to take the deposition of Mr. Nienaber under an order limiting the scope of inquiry "to the sole issue of whether the defendant * * * has been properly served with process * * * and the relationship to and activities of said Mr. J. W. Nienaber on behalf of the defendant." That deposition having now been completed and filed, defendant renews its motion to quash. The motion (supported by affidavits and said deposition) has been submitted to the Court on oral argument and briefs.

The sole issue for determination is this: Does service of process on a distributor constitute service on an "agent" within the meaning of the law? Consideration of this all-important question necessitates a review of the pertinent facts of the instant case. The defendant is a Wisconsin corporation with its principal

office in Milwaukee. It is engaged in the manufacture and sale of heating equipment, including Hev-E-Oil burners. It is not now and never has been licensed to do business in Minnesota. It has no oil burners or property of any kind located in Minnesota. It does not now maintain, and never has maintained, an office, and it does not now have, and never has had, any officer, employee, agent or salesman in Minnesota. Its name is not now, and never has been, listed in the St. Paul or Minneapolis telephone directory.

On September 17, 1952, the defendant appointed Nienaber as its exclusive distributor for Hev-E-Oil burners in an area approximately limited to southeastern Minnesota. In the franchise agreement the defendant was careful to describe the relationship as vendor and vendee. The defendant has otherwise never designated Nienaber as its agent for any other purpose.

Nienaber is an individual doing business under the name, Hazel Park Fuels. His business consists of selling heating fuel at retail and heating equipment at wholesale and retail. In addition to other products, he sells Cleaver-Brooks Hev-E-Oil burners at wholesale as a distributor and at retail as a dealer. His sales of Cleaver-Brooks products constitute 14% of his total volume of sales. The method of purchase is as follows: Nienaber orders equipment from the defendant at Milwaukee by mailing an order blank from St. Paul to Milwaukee. The equipment is then shipped to him from Milwaukee by bill of lading under which title passes to Nienaber on delivery to the carrier in Milwaukee. Nienaber is given a discount as a distributor of 40% from list price. The difference between the price at which he buys the equipment from defendant and resells it, is his gross profit. This is the only means by which Nienaber receives any benefit from the relationship with defendant, although apparently in the event of any direct purchase between a third party and defendant in Nienaber's territory, Nienaber would receive a commission. Obviously Nienaber is a distributor, not a sales-employee. The dealerships in Nienaber's territory are created by him and the credit risks are on him. Defendant does not pass on prospective dealerships, although it receives a list of dealers and provides pamphlet and advertising materials.

Defendant warrants its products to the original purchaser for one year. If there is any trouble with any installation, the dealer inspects it, makes adjustments and replaces any defective parts. He then returns these parts to Nienaber, who in turn delivers them to defendant. If upon examination defendant determines they are defective it sends replacements without charge to Nienaber, who thereupon forwards them to the dealer. The costs of making adjustments and the risk of determining whether parts are defective fall solely on the dealer.

The foregoing facts substantially describe the relationship between Nienaber and the defendant, and the latter's "contacts" with and in Minnesota. While those facts certainly indicate that Nienaber is a key man in defendant's activities in Minnesota, the important issue is whether such facts spell out an agency relationship for the purpose of service of process.[1]

Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., authorizes service of the summons and complaint upon (a) an officer, (b) a managing or general agent, or (c) any other agent authorized by appointment or by law to receive service of process. Rule 4(d) (7) of said Rules authorizes service, in the alternative, in conformity with State law. The attempted service herein occurred on December 29, 1952.

1. In other words (as the Court suggests in International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95), in the absence of defendant from the territory of the forum, does it nonetheless have certain minimum contacts with such territory so that the maintenance of the suit does not offend the "traditional notions of fair play and substantial justice"?

The Minnesota law, 32 M.S.A. § 543.-08, respecting service of process on a corporation was superseded by Rule 4.-03(c) of the Rules of Civil Procedure for the District Courts, effective January 1, 1952. That rule provides that "Service of summons within the state shall be made * * * Upon a domestic or foreign corporation, by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons * * *."

Disregarding for the moment whether the acts of defendant's distributors in Minnesota constitute "solicitation plus" sufficient for deeming that defendant is "doing business" in Minnesota, it would not seem that the controlling decisions could sustain any service made upon a distributor. The facts of the instant case make clear that Nienaber was not a managing agent nor an employee of defendant. He was and is a distributor. Conceding that his activities partake to some extent of those peculiar to a sales manager, the controlling facts do not make Nienaber an "authorized" agent within the requirements of law. The case most nearly favoring the plaintiff is that of Marlow v. Hinman Milking Mach. Co., Inc., D.C.Minn., 7 F.R.D. 751, for in that case Judge Nordbye determined that the defendant was doing business in Minnesota through the activities of its distributors. However, service was made upon defendant's sales manager in Minnesota, whose office was on the premises of a firm which merchandised and serviced defendant's products. Service, it is to be noted, was not made upon a distributor as in the instant case. The service herein relied on was made on Nienaber, who was a distributor and not a sales manager, as was the fact in the Marlow case.

Likewise distinguishable is the case of Myers Motors, Inc. v. Kaiser-Frazer Sales Corporation, D.C.Minn., 80 F. Supp. 18. In that case service was made upon defendant's regional manager and not on the local Kaiser-Frazer dealer. A reading of the case discloses a clear factual distinction.

Neither is the Minnesota case of Dahl v. Collette, 202 Minn. 544, 279 N.W. 561, most relied on by plaintiff, in point, for there service was made upon an actual employee of the defendant corporation.

Perhaps the case of Nurmi v. J. I. Case Co., 218 Minn. 579, 17 N.W.2d 79, comes closer to the factual situation of the instant case than any of those cited in argument of counsel. In the Nurmi case, plaintiff attempted to serve the summons upon defendant by leaving a copy with the Secretary of Minnesota Motor Company, defendant's dealer for part of Minnesota. Minnesota Motor Company had been appointed defendant's dealer pursuant to a written agreement which gave the Motor Company the privilege of purchasing machinery and equipment from the defendant for resale to customers in its territory, with a warranty from the defendant to the purchaser, and which provided that the Motor Company was not an agent of defendant and had no authority to incur any obligations for it. Defendant was not only doing business in Minnesota, but was licensed to do business. However, the Minnesota Supreme Court held the service of process null and void, finding no authorized agency relationship, either expressly or impliedly.

The reasoning of the Nurmi case is consistent with that adopted by the Court in the instant case.

The Federal Rules of Civil Procedure and the Rules of Civil Procedure for the District Courts of Minnesota are explicit in requiring service of process upon "authorized" persons only. Nienaber does not qualify as one of those so "authorized". Whether defendant was "doing business" in Minnesota need not be determined, in view of the conclusion reached.

The Court concludes that service of process was not made on an "authorized" person. The motion of the defendant, therefore, to quash service must be, and the same hereby is granted.

It is so ordered.

Plaintiff is allowed an exception.