Jack R. KELLY, Plaintiff,

v.

**UNITED STATES STEEL CORPORA-TION and The Thew Shovel Company, a corporation, Defendants.**

Civ. A. 17251.

United States District Court
W. D. Pennsylvania.
Jan. 28, 1959.

John Evans, Jr. of Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Ira Hill, Pittsburgh, Pa., for defendant, U. S. Steel Corp.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant, Thew Shovel Co.

McILVAINE, District Judge.

The plaintiff herein through his attorney brought suit against the defendants, United States Steel Corporation and The Thew Shovel Company, alleging that a crane manufactured by Thew was of defective construction and while lifting a heavy object the latter fell, striking a gas line, causing a fire and explosion which resulted in injuries to the plaintiff.

The defendant, The Thew Shovel Company, thereafter filed a motion to dismiss on the grounds that there was insufficient service of process upon it, that there is lack of jurisdiction, and that the venue is improper.

The return of the United States Marshal shows that service was made upon Paul B. Reinhold, President of Atlas Equipment Company; General Agent of The Thew Shovel Company.

The plaintiff takes the position that the Atlas Equipment Company is the general agent of The Thew Shovel Company, and that under Rule 4(d) (3) of Federal Rules of Civil Procedure, 28 U.S.C., service upon the Atlas Equipment Company was proper service and was service upon Thew. Plaintiff's position is that Atlas Equipment Company is the general agent of Thew. Defendant, on the other hand, maintains that Atlas is not the general agent of Thew, nor is Paul Reinhold, the President of Atlas, the general agent of Thew, and that they were never authorized to accept any process on behalf of Thew.

The issue then is clear. If the Atlas Equipment Company or Paul Reinhold is the general agent of Thew, then the motion to dismiss because of improper service of process ought to be denied. On the other hand, if they are not the general agent of Thew, the service of process ought to be quashed.

■ In support of both parties' respective positions, the depositions of Paul B. Reinhold and of Waid V. Clark were offered. Whether Mr. Reinhold or Atlas is the general agent of Thew is the crucial issue here.

"A general agent is an agent authorized to conduct a series of transactions involving a continuity of service." Restatement, Agency § 3 (1).

Of course, before Atlas or Mr. Reinhold could be the general agent of Thew, we would have to find an agency relationship between Atlas and Thew.

"Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement, Agency § 1.

An important attribute in order to create an agency relationship is whether "a principal has the right to control the conduct of the agent with respect to matters entrusted to him." Restatement, Agency § 14.

■ With these basic principles of agency in mind, we turn then to the facts as presented to the Court of the relationship of Atlas to Thew, and applying these facts to the law of agency, we should be able to determine whether or not Atlas is the general agent of Thew. Atlas, it appears, is a corporation and Paul Reinhold is its president. Atlas is in the business of distributing and marketing constructional and industrial equipment. They distribute products of twelve different manufacturers, including Thew and International Harvester Company. They market shovels, cranes, tractors, road rollers, and asphalt distributing equipment, which are used by various industries. They have an agreement with Thew under which they agree to purchase and Thew agrees to sell to them equipment which Atlas might order at a certain price. It is clear that the equipment becomes the property of Atlas, and Atlas sells their own equipment. They maintain a stock of Thew parts, but Atlas owns these parts. There is absolutely no control by Thew over Atlas. There is no interlocking directorate, there is no cross-stock ownership, and there are no common officers. There is no manifestation of consent by Thew for Atlas to act

for Thew, and Thew has not permitted Atlas to act for it so as to create what might be referred to as apparent authority. Atlas has not been subject to the control of Thew, and certainly Atlas has never been authorized to conduct a series of transactions for Thew, nor were any matters pertaining to Thew's business entrusted to Atlas. The fact that Thew made substantial sales to Atlas, and that Thew, as a manufacturer, warranted the goods it sold does not of itself in our judgment create an agency relationship.

Thew's name, however, is listed in the Pittsburgh telephone directory with the Atlas telephone number and at the Atlas address. However, Atlas has explained this by stating that they put this in the telephone book for the purpose of facilitating sales of Thew products, and that they paid for the ad. They were never authorized by Thew to do this and, in fact, Thew did not know that this was done. This explanation was not impeached.

> "The general rule is that the person served as agent must bear that relation to the defendant and not some other contractual but nonrepresentative relation." Vol. 3, Cyclopedia Federal Procedure § 11.73, p. 468.

Here the person served was Paul Reinhold, the President of Atlas Equipment Company. The relationship between Atlas and Thew was that of a distributor for Thew's products. Thew was the vendor and Atlas, the vendee. This does not create an agency relationship.

The Federal Rules of Civil Procedure are explicit in requiring service of process upon "authorized" persons only. Atlas does not qualify as one of those so "authorized." Whether Thew was "doing business" in Pennsylvania need not be determined in view of the conclusion reached. Consumers Services, Inc. v. Cleaver-Brooks Co., D.C.D.Minn.1954, 117 F.Supp. 585. See also Edwards v. Scott & Fetzer, Inc., D.C.M.D.N.C.1957, 154 F.Supp. 41.

This Court concludes that service of process was not made on an "authorized" person. Therefore, the service of process upon the defendant should be quashed.

An appropriate order may be submitted.