**Owen W. MARTIN, Plaintiff,**

v.

**UNARCO INDUSTRIES, INC., Defendant.**

**Civ. A. No. 70-C-422.**

United States District Court, E. D. Wisconsin.

Oct. 14, 1971.

———◆———

Norman C. Skogstad, Grafton, Wis., for plaintiff.

Gilbert W. Church, Milwaukee, Wis., and John J. Faissler, Chicago, Ill., for defendant.

REYNOLDS, Chief Judge.

This case is presently before me for a determination of a motion to quash the return of service and to dismiss for lack of personal jurisdiction over the defendant. Rule 12(b) of the Federal Rules of Civil Procedure.

Plaintiff filed this action for breach of an employment contract on July 24, 1970, alleging that this court has jurisdiction over the subject matter because of diversity of citizenship. Personal jurisdiction over the defendant is claimed by way of service upon "Maye John Associates Inc., by delivering to and leaving with Earl B. Eggers [sic] Vice Pres.,

personally a true copy" of the complaint on July 27, 1970 (quoting the certification of the Deputy United States Marshal). Defendant specially appears for the purpose of this motion and alleges by way of affidavit that neither John Maye Associates, Inc., nor Earl B. Heggers is an officer, director, or managing agent of defendant. It is further alleged that while John Maye Associates, Inc., an independent distributor, distributes defendant's products as well as products of other manufacturers, the defendant has no control over it. Plaintiff alleges by way of counteraffidavit that "John Maye Associates, Inc. holds itself out on behalf of the defendant and with the knowledge and approval of the defendant, would be in a position to accept orders and furnish products manufactured by the defendant." *

The applicable rules and statute governing service in the instant case are Rules 4(d) (3) and (7) of the Federal Rules of Civil Procedure and Wis.Stats. § 262.06(5). These laws as interpreted by the courts sustain the contention that plaintiff's attempt to serve defendant by service on John Maye Associates, Inc., was insufficient. Grantham v. Challenge-Cook Bros., Inc., 420 F.2d 1182 (7th Cir. 1969); Grummitt v. Sturgeon Bay Winter Sports Club, 304 F.2d 98 (7th Cir. 1962), affirming 197 F.Supp. 455 (E.D.Wis.1957); Ludwig v. General Binding Corp., 21 F.R.D. 178 (E.D.Wis. 1957); McNeely v. Clayton and Lambert Manufacturing Co., 292 F.Supp. 232 (D.Minn.1968); Kelly v. United States Steel Corp., 170 F.Supp. 649 (W.D.Pa. 1959); Consumers Services v. Cleaver-Brooks Co., 117 F.Supp. 585 (D.Minn. 1954); Howard v. Preston, 30 Wis.2d 663, 142 N.W.2d 178 (1966).

In light of my finding that there was insufficient service, it is not necessary to determine the merits of defendant's additional arguments for the granting of its motion.

It is ordered that the defendant's motion to quash service and dismiss be and it hereby is granted.

It is further ordered that the action be and it hereby is dismissed for lack of personal service on the defendant.

---

* In September of 1970, briefs were requested from all counsel on defendant's motion; only defendant submitted a brief. However, eight months later the plaintiff filed a counteraffidavit *sans* brief which I have referred to above. In September of this year (1971), I informed counsel that I would decide defendant's motion and allowed plaintiff ten days' time to reconsider his silence. At plaintiff's request, this was extended to twelve days. At the end of the twelve day period, plaintiff submitted a two-page letter which failed to contest any of the pertinent arguments advanced by the defendant in support of its motion.