**W. L. WITCHER, T/A Witcher's Mac Tool Co., Plaintiff,**

v.

**MAC TOOLS, INC., Defendant.**

**No. C-370-G-73.**

United States District Court, M. D. North Carolina, Greensboro Division.

April 24, 1974.

Ralph E. Goodale, Winston-Salem, N. C., for plaintiff.

C. T. Leonard, Jr., John L. Sarratt, Greensboro, N. C., for defendant.

## ORDER

HIRAM H. WARD, District Judge.

This matter came on for hearing on defendant's motions to dismiss for lack of jurisdiction over the person, insufficiency of service of process, and failure to state a claim upon which relief can be granted.

In deciding these motions, the Court will consider the pleadings, affidavits, and briefs filed by the parties. They reveal the following facts. Plaintiff brings this action for breach of a distributorship contract. Plaintiff had been selling tools manufactured by defendant for twenty years. There was no written contract. In the fall of 1973, defendant gave a thirty-day notice that it was terminating the relationship. Plaintiff sues for general and punitive damages.

Defendant is an Ohio corporation. It manufactures tools and sells them through local distributors. It has no employees in North Carolina. The defendant does send each distributor a

writing entitled "Conditions of Assignment." This purports to control the distributors by setting minimum requirements for operation. It also provides for a thirty-day notice of termination. Each distributor orders goods directly from defendant. The goods are invoiced and shipped F.O.B. Ohio by defendant directly to the distributor.

Plaintiff served the complaint in this action on E. D. Michael, Jr., who defendant denominates as its District Manager. Defendant has submitted affidavits by E. D. Michael, Jr., and Thomas R. Sizer, defendant's vice president in charge of sales, to the effect that Michael is an independent contractor (as are the other local distributors) and has no authority to contract for the company and cannot hire, fire, or terminate anyone. He does get a commission for the sales of other local distributors in his territory for assisting them with their businesses. He is not an employee of the company. He can assign territories to the local distributors, but does not control them. Plaintiff does state in his verified complaint that in September 1973 Michael told him to fire two employees or sell his merchandise to them. However, the termination letter sent to plaintiff was from Mr. Sizer.

Service may be perfected under federal law pursuant to Rule 4(d)(3), Federal Rules of Civil Procedure, on a "managing or general agent," or under Rule 4(d)(7), Federal Rules of Civil Procedure, according to the terms of state law. N.C.G.S. 1A–1, Rule 4(j)(6)a, is like Federal Rule 4(d)(3) in that it provides for service on a foreign corporation by delivery of the summons to a "managing agent."

The law is stated in 2 Moore's Federal Practice § 4.22[2], at 1126–31, to be as follows:

> However, ordinarily an independent distributor or sales organization is not considered the agent for the acceptance of service upon the organization in whose products it deals, unless it is shown that the production organization so controls the distribution or sales organization that it is proper to consider it the agent of the production organization. . . . However, the action should not be dismissed if proper service might still be obtained.

The facts of this case are like those in Grantham v. Challenge-Cook Bros., Incorporated, 420 F.2d 1182 (7th Cir. 1969). There service was attempted on a distributor who had a nonexclusive distributorship as to both area and product line. The distributor had its own service department. He could be terminated by a thirty-day notice. The distributor, as here, totally arranged the sale, collected the money, and serviced the customer. The court concluded that the oral distributorship arrangement did not make the distributor the company's managing agent.

In McNeely v. Clayton and Lambert Manufacturing Co., 292 F.Supp. 232 (D.Minn.1968), the court held that service on an exclusive distributor could not be accomplished under Federal Rule 4(d)(3), but could under Rule 4(d)(7) because of the broader Minnesota rule on service. The state statute permitted service not only on a managing agent, but also on "any other agent authorized expressly or impliedly * * * to receive service of summons." Thus the Court held that there was no series of transactions involving a continuity of service needed to come under Rule 4(d)(3), but held that the mere establishment of an agency relationship was sufficient for the state rule. In this case the North Carolina statute is not broader than Rule 4(d)(3). It has the same scope as it only covers "managing agent."

Plaintiff has not met his burden of proof in showing that Michael was a managing agent for defendant. Martin v. Unarco Industries, Inc., 53 F.R.D. 366 (E.D.Wis.1971). There is no evidence that the local distributors do warranty work, or that defendant supervises them,

**710**

or is involved in the sales. The role played by Michael in assigning territory and assisting the distributors within his overall territory, from whose sales he receives a commission as an independent contractor, does not make him a "managing agent" within the meaning of either the federal or state rule. The limited authority does not give him power to bind the company or permit him to make business judgments. His involvement with defendant is minimal. "A general or managing agent must be invested with powers of discretion and must exercise judgment in his duties, rather than being under direct superior control as to the extent of his duty and the manner in which he executes it." Grammenos v. Lemos, 457 F.2d 1067, 1073 (2d Cir. 1972). "In brief, it is reasonable to expect that such an agent will have broad executive responsibilities and that his relationship will reflect a degree of continuity. . . . Authority to act as agent sporadically or in a single transaction ordinarily does not satisfy this provision of the Rule." Gottlieb v. Sandia American Corporation, 452 F.2d 510, 513 (3rd Cir. 1971). Aside from acting as an independent contractor, the other duties performed by Michael do not involve the type or degree of responsibility, nor the continuity, necessary to make him a managing agent. Thus the service of process on E. D. Michael, Jr., was not sufficient under either Rule 4(d)(3) or Rule 4(d)(7) as service on defendant, and the service will be quashed. However, since service on defendant might be accomplished by other means, the case should not be dismissed until plaintiff has had an opportunity to explore those methods.

In view of the ruling on the service of process issue, the Court need not now make a final ruling on the questions raised concerning jurisdiction and failure to state a claim upon which relief can be granted. Moreover, those issues would be better raised after the parties have had time to conduct discovery in order to explore the business activity of defendant in North Carolina.

It is, therefore, ordered that the service on E. D. Michael, Jr., should be, and hereby is, quashed. It is further ordered that this action shall be dismissed within thirty (30) days unless plaintiff obtains proper service on defendant. It is further ordered that defendant's motions to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted are denied without prejudice to their being raised again should proper service be obtained.