**KNAPP–MONARCH COMPANY,**
**Plaintiff-Appellant,**

v.

**DOMINION ELECTRIC CORPORATION**
**and Steinmetz & Kelly, Inc.,**
**Defendants-Appellees.**

**No. 15411.**

United States Court of Appeals
Seventh Circuit.

July 20, 1966.

Norman Lettvin, Seymour Rothstein, Chicago, Ill., for plaintiff-appellant, Bair, Freeman & Molinare, Chicago, Ill., of counsel.

Bruce B. Krost, Cleveland, Ohio, Carl S. Lloyd, Ronald L. Engel, Chicago, Ill., for defendants-appellees, Woodling, Krost, Granger & Rust, Cleveland, Ohio, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This appeal presents for our consideration a situation which in many respects is similar to that presented in Knapp-Monarch Co. v. Casco Products Corp., 342 F.2d 622 (7th Cir.), cert. denied, 382 U.S. 828, 86 S.Ct. 64, 15 L.Ed.2d 73 (1965), in which we affirmed the dismissal of a suit for patent infringement against a manufacturer for lack of proper venue under 28 U.S.C. § 1400(b) and held that a manufacturer's representative's infringement was de minimis.

Knapp-Monarch Company is the owner of United States Letters Patent No. 3,-038,269 for a steam and spray iron. It brought the instant action for patent infringement against Dominion Electric Corporation, an Ohio corporation, and Steinmetz & Kelly, Inc., an Illinois corporation, seeking damages and injunctive relief.

The defendants first moved to dismiss the complaint for want of venue and jurisdiction. They later supplemented the motion with an alternative motion to transfer the action under 28 U.S.C. §§ 1404(a), 1406(a), in which it was requested that "if the complaint is not dismissed * * *, this action be transferred to the United States District Court for the Northern District of Ohio, Eastern Division." The district court denied both motions. Thereafter, the defendants filed an answer denying infringement and a counterclaim for a declaratory judgment, requesting that the plaintiff's patent be declared invalid and not infringed and other relief. The counterclaim contained the preliminary statement "reserving and repeating their objections to the jurisdiction of the Court over the Complaint * * * the Defendants counterclaim for a declaratory judgment. * * *" The defendants also referred to their objections to venue and jurisdiction in the counterclaim by stating that declaratory relief was requested only "should the Court take and exercise jurisdiction over the Complaint * * * notwithstanding the objections * * * raised and reserved by Defendants."

Subseqently this court's decision in Knapp-Monarch Co. v. Casco Products Corp., supra, was rendered. Shortly thereafter the defendants renewed their motion to dismiss the complaint for want of venue and jurisdiction. The district court, considering the Casco case controlling, dismissed the complaint. The court also dismissed the counterclaim over the objection of the plaintiff. This appeal followed.

From the pleadings and affidavits filed therewith, a pretrial deposition, answers to interrogatories, and responses to a request for admissions, the following facts appear in the record.

Dominion has its principal place of business in Mansfield, Ohio, where it manufactures a steam and spray iron which allegedly infringes plaintiff's patent. It neither conducts any maunfacturing activity nor maintains an office in Illinois.

Steinmetz is a manufacturer's representative for several manufacturing concerns, including Dominion, with its office in the Merchandise Mart in Chicago. It began its relationship with Dominion in 1926 and has continued to represent the company since the filing of the instant suit. It solicits orders for the accused irons in the Chicago area. These orders are sent to the home office of Dominion which accepts and fills them. Steinmetz has charge of preprogramming Dominion's advertising allowances to customers in the Chicago area, is responsible for the budgeting of such expenditures, and represents Dominion in working out agreements with customers for cooperative advertising. Moreover, Steinmetz displays in its Chicago office sample irons manufactured by Dominion, follows up on complaints on behalf of Dominion, contracts on the latter's behalf for an advertisement in the Chicago classified telephone directory, and directs calls for repair service to the repair service station selected by Dominion. Steinmetz sold three sample irons after the filing of the suit, but made no sales of the alleged infringing irons prior to its commencement.

Dominion's activities in the Chicago area are limited to the following. It displays its wares at a semiannual housewares show. It has appointed Wacker Electric Service as its authorized agent to make repairs on appliances under the terms of its warranty. It has instituted a replacement policy under which a dealer who sells a defective Dominion product is authorized to honor Dominion's guarantee by exchanging a new product for the defective one. The president of Dominion or its sales manager visits Chicago periodically to call upon large customers of private label merchandise to discuss problems connected with designing and supplying such merchandise. Its name is listed on the directory in the lobby of the Merchandise Mart.

■ The recital of the foregoing facts shows that they do not differ in any material respect from those in *Casco*.[1] There we held that the activities of the manufacturer did not demonstrate that it had a "regular and established place of business" in the district within the meaning of section 1400(b) and that therefore venue was improper as to it. We also held in that case that the solicitation activities of the manufacturer's representative did not amount to "selling" the accused devices within the meaning of 35 U.S.C. § 271(a) and thus did not constitute infringement, and that the same activities (prior to the time of suit) were not active inducement of infringement under 35 U.S.C. § 271(b), if for no other reason than because the manufacturer's representative had no knowledge of the alleged infringement by the manufacturer. Although the plaintiff invites us, impliedly at least, to reconsider our opinion in *Casco*, we decline to do so. Accordingly, we hold that *Casco* is determinative of the issues presented here.

The plaintiff contends that Dominion waived its objection to lack of venue by filing a counterclaim seeking affirmative relief. It also argues that even if the complaint was properly dismissed on the basis of the *Casco* decision, the district court erred in dismissing the defendants' counterclaim because an independent basis of jurisdiction existed for it. Finally, the plaintiff contends that the district court abused its discretion in dismissing the complaint against Dominion rather than transferring the action to the Northern District of Ohio, as earlier requested by the defendants. These contentions are without merit.

■ Dominion did not waive its right to contest the issue of venue by filing a counterclaim. The counterclaim, which was confined in substance to the issues raised in the answer, was not filed until after the district court first denied the motions to dismiss for lack of venue and to transfer the suit. Dominion specifically and unequivocally reserved its objection to venue as best it could under the circumstances. A declaratory judgment was sought only conditionally, that is, only in the event that the district court should exercise jurisdiction despite the defendants' continued objections. Secondly, the plaintiff is not in a position to challenge the dismissal of the counterclaim. The defendants did not appeal from the dismissal, and the plaintiff should not be permitted to accomplish indirectly what it is not entitled to accomplish directly, in view of the procedural history of the case. Nor is there any question before us in connection with the district court's denial of the defendants' motion to transfer the case. The defendants did not appeal from the denial of that motion.

The judgment of the district court is affirmed.

---

1. The fact that Steinmetz acted as Dominion's manufacturer's representative for many years before the filing of the instant action and has continued to represent Dominion in that capacity since that time does not serve as a legally distinguishing feature.