382 F.2d 514
 The UNIVERSITY OF ILLINOIS FOUNDATION, an Illinois corporation, Plaintiff-Appellant,
v.
CHANNEL MASTER CORPORATION, a New York corporation, Defendant-Appellee, and
Electronic Distributors, Inc., an Illinois corporation, Defendant.[1]
 No. 15997.
 United States Court of Appeals Seventh Circuit.
 August 9, 1967.
 
 William A. Marshall, Basil P. Mann, Charles J. Merriam, Nate F. Scarpelli, Chicago, Ill., for plaintiff-appellant, Merriam, Marshall, Shapiro & Klose, Chicago, Ill., of counsel.
 Morris Relson, New York City, William E. Lucas, Chicago, Ill., Michael J. Sweedler, New York City, for defendant-appellee.
 Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 The University of Illinois Foundation, an Illinois corporation, plaintiff, has appealed herein from a final judgment of the district court dismissing Channel Master Corporation, a New York corporation, as a defendant in the aboveentitled case, because of improper venue.
 
 
 2
 Plaintiff brought suit in the district court charging, inter alia, infringement of United States Letters Patent No. 3,210,767 by said defendant and Electronic Distributors, Inc., an Illinois corporation.
 
 
 3
 Plaintiff is the owner of the patent in suit. Channel Master is a manufacturer of television antennas, with its plant and home offices in Ellenville, New York, where it was served with a summons.
 
 
 4
 The statute directly involved herein is 28 U.S.C.A. § 1400(b), which reads:
 
 
 5
 (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.
 
 
 6
 Defendant has an employee, Joseph O. Nicolau, who resides in the Northern District of Illinois. It is a basic contention of plaintiff that venue was properly laid in that district because Channel Master has a regular and established place of business in that district. It specifically refers to Nicolau, who uses his home in that district as a base for his sales activities in promoting his employer's products. He regularly prepares reports at his home and transmits them to his employer's home office. He receives and initiates telephone calls at his home, the address and telephone number of which are listed on his employer's business card, and Channel Master reimburses him for car expenses, postage and telephone calls. He deducts on his income tax return a percentage of his own household expenses as business usage.
 
 
 7
 Plaintiff reasons that, as Nicolau "maintains control of a permanent establishment in the district for his employer, and systematically conducts a substantial portion of the employer's business in the district from this location, the employer has a regular and established place of business in the district."
 
 
 8
 Plaintiff relies on Knapp-Monarch Co. v. Casco Products Corp., 7 Cir., 342 F.2d 622 (1965), at 625, where plaintiff sued in the same district court as in the case at bar, charging patent infringement by defendant Casco Products Corporation, and E. A. Langenfeld Associates, Ltd. Casco, a Connecticut corporation, had its principal place of business there. Langenfeld was a manufacturer's representative for Casco's products in the Chicago area. It had an office in Chicago for which it paid the rent and other expenses and was not reimbursed by Casco. Langenfeld solicited orders for Casco's products for a commission and forwarded them to Casco in Connecticut, whereupon Casco shipped the goods directly to the purchaser, who made payments directly to Casco. Samples of the accused irons were displayed in Langenfeld's office but were never demonstrated or used by it.
 
 We said, at 624:
 
 9
 "* * * Therefore, the matter of venue depends upon whether the defendant had a regular and established place of business within the district." And at 625, we added:
 
 
 10
 "* * * we hold that Casco's maintaining a sales representative in Chicago does not meet the statutory test. * * *"
 
 
 11
 In affirming the orders of dismissal by the district court, we said at 626:
 
 
 12
 "* * * The undisputed facts disclosed by these papers show that Langenfeld's activity was confined to solicitation of orders except for the sale of two irons to its employees; * *"
 
 
 13
 Thus it appears that Knapp-Monarch fails to justify plaintiff's reliance upon it.
 
 
 14
 In the case at bar Channel Master's sole activities in the district are sales promotion and solicitation by a single employee. All orders from customers in the district are accepted in New York. All shipments to customers are made from New York. All payments for goods are made to New York.
 
 
 15
 Undoubtedly Nicolau's duties are to promote the sale of Channel Master's products. The record shows that he vis its about a dozen distributors in his territory and at times holds sales meetings with their personnel. On these visits he speaks of new products, assists in checking a distributor's inventory and suggests reordering goods which seem to be needed. He helps in seeking to expedite delivery of goods from the plant by making calls to the New York office, although there is no evidence that these activities concerned the antennas involved in the infringement charges in this case.
 
 
 16
 In short, Nicolau functions as the usual sales representative who cultivates the trade by being incidentally helpful to customers. He has no office and no space set aside solely for business use. His office coincides with his family bedroom at home where he has a typewriter and an adding machine, but no company records or files, no stock in trade, no displays, no samples, and no showroom. It is agreed that he conducted no demonstrations of the products. He uses his home telephone number and address, since Channel Master does not provide him any business quarters or pay any of the costs of his home. He has no business phone listing in the telephone directory nor any sign display of "Channel Master". He receives no business visitors there. He has no staff nor even secretarial help. Although plaintiff repeatedly characterizes him in its brief as a "key" man, the record shows he is simply an ordinary salesman doing business at home by phone calls and mail, and going out at times to solicit sales. As we said in Knapp-Monarch, supra, at 625, "* * * solicitation of sales alone does not meet the * * * [requirements of 28 U.S.C. 1400(b)]". We hold that we cannot by any stretch of the imagination characterize Nicolau's family bedroom or even his entire home as "a regular and established place of business" of Channel Master in the Northern District of Illinois.
 
 
 17
 Nothing in Union Asbestos & Rubber Co. v. Evans Products Co., 7 Cir., 328 F.2d 949 (1964), cited by plaintiff, is inconsistent with the result which we now reach. Moreover, in Union Asbestos, we, at the outset, at page 950 called attention to these facts:
 
 
 18
 "Since defendant concedes that it has a regular and established place of business within the district, venue will lie if defendant, a non-resident of the district, has infringed plaintiff's patent by selling or using the accused device within the district.
 
 
 19
 * * * * * *
 
 
 20
 "* * * On one occasion Veague, defendant's Chicago sales manager, took * * * prospective customers, to a Southern Pacific freight car, located within the district, which was equipped with the accused device. There he demonstrated the operation of the device, with the car both loaded and empty."
 
 We therefore stated, at 951:
 
 21
 "* * * We think the true rule in the case at bar is that the systematic and continuous solicitation plus the two demonstrations is sufficient to establish venue on the basis of plaintiff's allegation of selling."
 
 At 952, we concluded:
 
 22
 "We hold that the two demonstrations of the accused device, added to the systematic and continuous solicitation of orders within the district, constitute, for venue purposes, a sufficient degree of selling to amount to `infringing sales.'
 
 
 23
 "We do not reach plaintiff's `broader proposition' that mere solicitation as part of a systematic and continuous sales effort is sufficient for venue purposes. * * *"
 
 
 24
 Therefore, for want of proper venue in the Northern District of Illinois, because Channel Master has no regular and established place of business in that district, the judgment from which this appeal was taken is affirmed.
 
 
 25
 Judgment affirmed.
 
 
 
 Notes:
 
 
 [1]
 This defendant has not appeared in this appeal