Paulette **GRANTHAM**, Fred Grantham, Charles R. Grantham, Plaintiffs-Appellants,

v.

**CHALLENGE–COOK BROS., INCORPORATED**, Essick Investment Co., "Automatic" Sprinkler Corporation of America, Defendants-Appellees.

No. 17445.

United States Court of Appeals Seventh Circuit.

Dec. 30, 1969.

Rehearing Denied Feb. 24, 1970.

Paul H. Gallagher, Chicago, Ill., for plaintiffs-appellants.

Lyon & Lyon, Richard E. Lyon, Conrad R. Solum, Jr., Los Angeles, Cal., Hill, Sherman, Meroni, Gross & Simpson, James Van Santen, Chicago, Ill., for defendant-appellee, Challenge-Cook Bros., Inc.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and KERNER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Plaintiffs Paulette Grantham, Fred Grantham and Charles R. Grantham brought this action charging defendant Challenge-Cook Bros., Inc., with infringement of United States Patents Nos. 2,604,313 and 2,643,463 to which plaintiffs hold legal title. Plaintiffs' former licensee Essick Investment Co. and present licensee "Automatic" Sprinkler Corporation of America were aligned as involuntary defendants after they refused to join as parties plaintiff.

Essick was not served with process. "Automatic" was served and answered. Plaintiffs attempted service on Challenge-Cook. Challenge-Cook did not answer but instead filed a motion to dismiss for lack of proper venue and improper service. It filed a subsequent motion to dismiss for lack of capacity of plaintiffs to maintain an infringement action with respect to the patents in suit. Plaintiffs filed responses in opposition to each motion.

The district court granted Challenge-Cook's first motion to dismiss on the basis of improper venue and then quashed service. It did not reach the question of lack of capacity to sue. Plaintiffs appeal. We affirm.

Plaintiffs seek to establish venue under Title 28, Section 1400(b), U.S.C.A., which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Plaintiffs assert that venue is properly laid in the Northern District of Illinois contending that Challenge-Cook has a "regular and established place of business" there. They do not contend that Challenge-Cook, a California corporation with its principal place of business in California, "resides" in such district.

Like the trial court, we shall assume arguendo that acts of infringement have been committed in the district and deal only with the issue of whether Challenge-Cook has the required "regular and established place of business" within the district.

Challenge-Cook is engaged in the manufacture of industrial laundry dryers which it sells throughout the United States. The M. J. Washburn Machinery Corporation is a distributor of the Challenge-Cook dryers in the Northern District of Illinois. James Washburn is its president.

Plaintiffs first instructed the marshal to serve Challenge-Cook at 114 West Colfax, Palatine, Illinois. When the marshal's return indicated that Challenge-Cook could not be found at that address, plaintiffs instructed him to make service on Challenge-Cook by serving James

Washburn and the M. J. Washburn Machinery Corporation both at 114 West Colfax, Palatine, Illinois. The returns show such service was made.

Plaintiffs have culled the following facts from affidavits submitted by them and by Challenge-Cook. These facts, they contend, show that Washburn Machinery is a "regular and established place of business" of Challenge-Cook within the Northern District of Illinois.

Washburn Machinery's distributorship of Challenge-Cook dryers in the district is non-exclusive as to both area and product line. Washburn maintains its own service department and will service Challenge-Cook dryers. It carries "at least a few parts" for the Challenge-Cook dryers and can get others "quite fast" from a Challenge-Cook plant in Ohio. Challenge-Cook maintains some control over its distributors in that it reserves the right to terminate the distributorship. Washburn arranges a sale of a Challenge-Cook dryer with a purchaser in the Northern District of Illinois and sends a purchase order to Challenge-Cook in California. Challenge-Cook then ships the dryer either to the purchaser or to Washburn as Washburn directs. It invoices Washburn for the sale price less a percentage discount. The purchaser pays Washburn. Washburn has available catalogues and literature which display the Challenge-Cook name.

■ Whether a corporation's activities within a district are sufficient to justify its subjection to suit in that district is a question of fact and the trial court's finding will not be set aside if supported by substantial evidence. Minnesota Mining & Mfg. Co. v. International Plastics Corp., 7 Cir., 159 F.2d 554, 564 (1947). Plaintiff has the burden of establishing proper venue. Phillips v. Baker, 9 Cir., 121 F.2d 752, 756

(1941); McGah v. V–M Corp., 166 F. Supp. 662, 664 D.C.N.D.Ill. (1958).

■ Furthermore, the patent venue statute should not be liberally construed in favor of venue. "The requirement of venue [in Section 1400(b)] is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 264, 81, 81 S.Ct. 557, 560, 5 L.Ed.2d 54 (1960); see also Coulter Electronics, Inc. v. A. B. Lars Ljungberg & Co., 7 Cir., 376 F.2d 743, 745 (1967). Nor will its provisions be supplemented by the general venue provisions of 28 U.S.C.A. § 1391(c).[1] Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 228–229, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 563, 62 S.Ct. 780, 86 L.Ed. 1026 (1942); see also Coulter Electronics, *supra.*

■ We have considered Section 1400(b), *supra,* on several occasions. Our earlier decisions clearly illustrate that all the facts recited by plaintiffs in the instant case do not justify a finding that Washburn Machinery Corporation is a "regular and established place of business" of Challenge-Cook in the Northern District of Illinois. See, *e.g.,* University of Illinois Foundation v. Channel Master Corp., 7 Cir., 382 F.2d 514, 515 (1967); Coulter Electronics, Inc. v. A. B. Lars Ljungberg & Co., 7 Cir., 376 F.2d 743, 744–45 (1967); Knapp-Monarch Co. v. Dominion Electric Corp., 7 Cir., 365 F.2d 175, 177 (1966); Knapp-Monarch Co. v. Casco Products Corp., 7 Cir., 342 F.2d 622 (1965); Minnesota Mining & Mfg. Co. v. International Plastic Corp., 7 Cir., 159 F.2d 554, 561 (1947).

In these cases we found venue improper in the subject district even though

---

1. § 1391. Venue generally

\* \* \* \* \* \*

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

defendant's activities in the district included one or more of the following: maintaining an exclusive distributorship; establishing and maintaining some control over a chain of exclusive, independent distributors; maintaining an independent business man as a sales representative on a commission basis; periodic visits by high-ranking executives to large customers to discuss sales; maintaining authorized warranty service, including repair and replacement of defective products; occasional rental of business space; and maintaining telephone or other listings. None of these factors is present in the instant case. A consideration of other circumstances relied upon by plaintiffs here leads us to the ready conclusion that they fall far short of the activities required for a finding of proper venue.

However, plaintiffs insist that venue is proper on the basis of our holding in Shelton v. Schwartz, 7 Cir., 131 F.2d 805 (1942). They take comfort in the following statement, at 808: "A foreign corporation may have a regular and established place of business, although the business therein is merely securing orders and forwarding them to the home office of the non-resident corporation."

We pause here to note our consideration of this language in Shelton in Minnesota Mining & Mfg. Co., *supra,* 159 F.2d at 561, where we held that *Shelton* must be read in the light of his own factual situation. In *Shelton,* the defendant had rented an office in the district for 15 years which it staffed with two salaried employees. Other factors were present to contribute to the picture of a well-established place of business in the district. We rejected defendant's contention that venue was improper because such a place of business served no purpose other than the mere solicitation of orders.

Plaintiffs' reliance on the above quoted statement is misplaced. *Shelton* does not, as plaintiffs contend, stand for the proposition that the mere solicitation of orders in the district suffices to establish venue under Section 1400(b). Rather, it stands for the proposition that where other facts show there is a regular and established place of business in the district, the mere fact that the business consists solely of the solicitation of orders will not defeat a finding of venue.

In the instant case plaintiffs have failed to show that Washburn Machinery is a regular and established place of business of Challenge-Cook. We hold the trial court correctly concluded that venue over Challenge-Cook was not established by the activities of Washburn Machinery in the district.

Plaintiffs further assert that Challenge-Cook had a regular and established place of business in the Northern District of Illinois due to the presence in the district of Arthur E. Schmidt. Schmidt was the regional manager of Challenge-Cook's Trailer Division and served as a liaison between Challenge-Cook and its distributors of trailer parts in his district. His district covered Minnesota, Iowa, Missouri, and all states east of the Mississippi River. Schmidt resided in Illinois, although he was free to live where he chose so far as Challenge-Cook was concerned. Schmidt had no office in Illinois. He worked out of his home. Plaintiffs' proofs failed to show what, if any, use Schmidt made of his home in connection with his employment. Challenge-Cook did not compensate him for any such use he may have made of his home.[2]

■ Our holding in *Channel Master, supra,* is dispositive of plaintiffs' contention that Schmidt's home was a "regular and established place of business" of Challenge-Cook. We summarized the facts there as follows, 382 F.2d at 515: "* * * Nicolau [defendant's sales representative in the district] uses his home in that district as a base for his sales activities in promoting his employ-

---

2. A second Regional Manager of another Challenge-Cook division also resides in Illinois but outside the Northern District.

er's products. He regularly prepares reports at his home and transmits them to his employer's home office. He receives and initiates telephone calls at his home, the address and telephone number of which are listed on his employer's business card, and Channel Master reimburses him for car expenses, postage and telephone calls. He deducts on his income tax return a percentage of his own household expenses as business usage." We found that these facts, which show a much greater use of an employee's home than has been shown in the instant case, did not suffice to show a regular and established place of business. We hold the trial court did not err in reaching the same conclusion with reference to the use of Schmidt's home.

■ Service of process in patent infringement cases may be made under either Rule 4(d) (3),[3] Federal Rules of Civil Procedure, or, where the defendant is not a resident of the district but does have a regular and established place of business in the district, under Section 1694, Title 28, U.S.C.A.[4]

Since we have concluded that Challenge-Cook has no regular and established place of business in the Northern District of Illinois, the attempted service of process in this case must be authorized, if at all, by Rule 4. But service under that Rule cannot be sustained since neither the Washburn Corporation nor James Washburn has been shown by plaintiffs to be "an officer, a managing or general agent, or * * * [an] agent authorized by appointment or law to receive service of process" for Challenge-Cook.

■ The uncontroverted affidavit of James Washburn states that neither he personally nor the Washburn Machinery Corporation is or ever has been an officer or agent for service of process of Challenge-Cook. This uncontested statement must be accepted as true. Griffin v. Illinois Cent. R. Co., 88 F.Supp. 552, 555 D.C.N.D.Ill. (1949). On the basis of the facts before it, the district court concluded that the oral distributorship agreement was the sole relation between Challenge-Cook and James Washburn and the Washburn Machinery Corporation and that it did not constitute either of them "a managing or general agent" of Challenge-Cook. We agree. See Young v. Albert Pick Hotels, 126 U.S. App.D.C. 155, 375 F.2d 331 (1967); DeSanta v. Nehi Corp., 2 Cir., 171 F.2d 696 (1948); Ludwig v. General Binding Corp., 21 F.R.D. 178 D.C.E.D.Wis. (1957); Olshansky v. Thyer Mfg. Corp., 13 F.R.D. 227, 232–233 D.C.N.D.Ill. (1952). The district court properly quashed service on defendant.

The district court found it unnecessary to reach Challenge-Cook's contention that the plaintiffs lack capacity to sue for infringement of the patents in suit. We agree. To do so here would place us in the position of furnishing an

3. Rule 4. Process

&ast; &ast; &ast; &ast; &ast;

(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

&ast; &ast; &ast; &ast; &ast;

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

4. § 1694. Patent infringement action
In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting such business.

advisory opinion relevant only to other pending litigation.

The judgment order of the district court dismissing plaintiffs' complaint and quashing service of process on defendant is affirmed.

Affirmed.