**A. O. SMITH–INLAND, INC., Plaintiff,**

v.

**HOEGANAES CORPORATION, Defendant.**

**No. 74 C 1919.**

United States District Court, N. D. Illinois, E. D.

Jan. 12, 1976.

---

Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for plaintiff.

Henry M. Levy, William Porcelli, Interlake, Inc., David A. Vogel, Ronald A. Sandler, Prangley, Dithmar, Vogel, Sandler & Stotland, Chicago, Ill., for defendant.

### MEMORANDUM DECISION

MARSHALL, District Judge.

The plaintiff, A. O. Smith-Inland, Inc., filed the present action against the defendant, Hoeganaes Corporation, alleg-

---

3. One whose etiology is well understood by the medical profession.

ing numerous and continuing acts of patent infringement involving metal powders. Jurisdiction is predicated on 28 U.S.C. § 1338(a) (1970). The defendant has moved to dismiss the complaint for improper venue. Fed.R.Civ.P. 12(b)(3).

Venue in an action for patent infringement is governed exclusively by 28 U.S.C. § 1400(b) and is not modified by the general venue provisions of 28 U.S.C. § 1391 (1970). *Fourco Glass Co. v. Transmirra Products*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1956); *Knapp-Monarch v. Casco Products Corp.*, 342 F.2d 622 (7th Cir. 1965). Moreover, the statute is strictly construed, and the burden of establishing venue is upon the plaintiff. *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969).

Section 1400(b) provides the venue is proper in the district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. Since the defendant is a "resident" only in the state of its incorporation—Delaware—venue cannot be sustained under the first portion of the statute. See *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 92 S.Ct. 1936, 36 L.Ed.2d 428 (1972). Consequently, venue in this district is proper only if the defendant has committed acts of infringement and has a regular and established place of business here. Both requirements must be satisfied.

Determining when a business entity has a regular and established place of business within a district has proved a vexatious problem for the courts. For example, a corporation can have a multiplicity of contacts with a district such that venue would be appropriate under the doing business requirement of Section 1391(c), and yet the contacts are of such a nature that they do not establish a regular and established place of business within the district. *Knapp-Monarch Co. v. Casco Products Corp., supra,* at 624. In each case the facts must be carefully scrutinized to determine whether the business contacts with the district

satisfy these requirements. *See Grantham v. Challenge-Cook Bros., Inc., supra,* at 1184.

Each party has described in detail the operations of Hoeganaes in the Northern District of Illinois. And while the facts are essentially undisputed, their legal effect is earnestly contested. The defendant's principal place of business is in New Jersey. It employs only one individual in this district, a sales engineer by the name of Young. His territory includes Illinois, the northern half of Indiana, the southwestern quarter of Michigan and the southern half of Wisconsin.

He solicits orders for the defendant's metal powders within his territory and sends them to New Jersey for acceptance or rejection. He carries catalogues and literature describing Hoeganaes' products, as well as samples, to aid him in his sales efforts. Apparently he never demonstrates the use of the product, although if samples are given or sold to a customer, he follows up on the transaction to determine whether the customer is interested in making a purchase. He also serves as a trouble shooter within his territory, answering questions and solving problems to the extent practical. Problems beyond his competence are referred to the home office in New Jersey.

Young's business card carries Hoeganaes' name, but lists his home address and phone number. Young's home in Libertyville, Illinois, does not carry any indication that he is employed by Hoeganaes. He uses a small portion of his home as a workspace, the defendant supplying him a file cabinet and a tape recorder. All business calls are made on his personal phone. Hoeganaes reimburses him for telephone and automobile expenses. His compensation is by fixed salary and bonuses.

Hoeganaes maintains no inventory or manufacturing facilities in Illinois. All orders are shipped directly to the customer from New Jersey. Similarly, all billings and acceptances of credit are handled in New Jersey. Hoeganaes is listed in two phone directories, each of which gives Young's home phone num-

ber. Hoeganaes also maintains a bank account in Chicago at the Continental Illinois National Bank and Trust Company of Chicago. All Hoeganaes invoices direct that payment be sent directly to a lock box at the Bank.[1]

Hoeganaes rents an office in Wheeling, Illinois for its employees' use. A telephone is maintained in the office, but apparently the number is unlisted. The building directory does, however, list Hoeganaes Corporation, and the door to the office carries its name as well as the name of another party that shares the space. There is no evidence indicating the type or amount, if any, of business conducted from the office.

Hoeganaes is registered with Illinois' Secretary of State and is qualified to transact business within the state. It also makes annual reports to the Secretary pursuant to the requirements of the Illinois Business Corporations Act. In 1973 the defendant did a gross business in Illinois of $1,102,247.

The defendant has on several occasions had Mr. Young or another employee work trade shows in Illinois. And at the machine tool show in Chicago last year, an employee of the defendant displayed samples of the metal powders and products that had been welded with the metal powders.

Hoeganaes is a subsidiary of Interlake, Inc., a Delaware corporation with its principal place of business in Illinois. Some officers of Interlake are also officers of the defendant. A meeting of the defendant's Board of Directors was held in Illinois, and the minutes of the Board are kept and maintained in Chicago.

The plaintiff asserts the above facts demonstrate that the defendant maintains a regular and established place of business in the Northern District of Illinois. For reasons which are more fully set out below, the conclusion reached is that the defendant's contacts with this district do not satisfy the strict requirements of the patent venue statute.

In *University of Illinois Foundation v. Channel Master Corp.*, 382 F.2d 514 (7th Cir. 1967), the court in an analogous situation, affirmed the district court's order dismissing the plaintiff's complaint because of improper venue. The defendant was a New York corporation with its principal place of business in New York. The defendant had an employee in this district who used

"his home in that district as a base for his sales activities in promoting his employer's products. He regularly prepares reports at his home and transmits them to his employer's home office. He receives and initiates telephone calls at his home, the address and telephone number of which are listed on his employer's business card, and Channel Master reimburses him for car expenses, postage and telephone calls. He deducts on his income tax return a percentage of his own household expenses as business usage."

382 F.2d at 515. From these facts the plaintiff argued that the defendant maintained a regular and established place of business in Illinois.

Based on these facts and an analysis of the employee's sales duties, which were very similar to those performed by Young, the court concluded that the defendant did not maintain a regular and established place of business in Illinois. This conclusion was in accord with that reached in *Knapp-Monarch Co. v. Casco Products Corp.*, 342 F.2d 622 (7th Cir. 1965), in which the court held that the maintenance of a sales representative within the district whose job it was to solicit sales did not satisfy the patent venue requirement. See also *Knapp-Monarch Co. v. Dominion Electric Co.*, 365 F.2d 175 (7th Cir. 1965); *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182 (7th Cir. 1969); *General Radio Co. v. Superior Electric Co.*, 293 F.2d 949 (1st Cir. 1961).

1. This account is described more fully in plaintiff's exhibit "A", which reveals that the account is in reality only a lock box.

542

The plaintiff strenuously argues that there are additional facts in the case which make it distinguishable from the cases referred to above. More specifically, it asserts that the defendant's presence at trade shows, registration with the Illinois Secretary of State, and maintenance of an office and bank account within the district, when coupled with the activities of Young, are sufficient to find venue.

The defendant's presence at trade shows does not help the plaintiff. As stated in *Casco*, trade shows may be regular in the sense that they occur annually, but they are not a regular and established "place where one could transact business with the defendant from day to day and from month to month." 342 F.2d at 625. Thus, the plaintiff's reliance on the defendant's trade show presence is misplaced.

The plaintiff relies on the defendant's registration with the Secretary of State as evidence of its regular and established business in Illinois. Registration as a foreign corporation would not, standing alone, satisfy the venue statute, *Shapiro v. Ford Motor Company,* 359 F.Supp. 350 (D.Md.1973), although it is a fact to be considered. In the present case, however, it does not lend any support to the contention that the defendant has an established place of business within the district.

The defendant next relies on the presence of an office in this district to establish venue. There is no evidence, however, that the office is used as a regular place of business. For example, although the office has a phone, there is no evidence that the number is listed. Moreover, there is no evidence that anyone employed by the defendant uses the office regularly to transact business. Under these circumstances, the mere ex-

istence of the office is insufficient to satisfy Section 1400(b). *Compare Latini v. R. M. Dubin Corp.,* 90 F.Supp. 212 (N.D.Ill.1950), and *Shelton v. Schwartz,* 131 F.2d 805 (7th Cir. 1942), *with Knapp-Monarch Co. v. Casco Products, supra,* and *General Radio Co. v. Superior Electric Co., supra.*

Finally, the plaintiff relies on the existence of the defendant's lock box at the Continental Bank to establish venue.[2] The nature of that account and the purpose for which it is used do not establish venue.

In conclusion, the plaintiff has failed to carry its burden of establishing a business presence by the defendant which could be characterized a systematic conduct of business of which a "substantial portion is carried on at a permanent establishment located in the district." *Knapp-Monarch Co. v. Casco Products, supra,* at 626. Since venue is improper because the defendant has no regular and established place of business in this district, there is no need to consider whether the defendant has committed acts of infringement here.

Pursuant to 28 U.S.C. § 1406(a), an action which is brought in an improper venue can, in the interest of justice, be transferred to any district where the action could have been brought. *AMP, Inc. v. Essex Wire Co.,* 223 F.Supp. 154 (N.D.Ind.1963). From the papers filed thus far, venue appears to be proper in both the District of Delaware and the District of New Jersey. The plaintiff, however, has specifically requested that the action not be transferred, and the defendant has not moved alternatively for a transfer. Therefore, an order will enter dismissing the plaintiff's complaint.

2. The plaintiff also asserts that venue is proper because Interlake, Inc. has a regular and established place of business within the district. That argument necessarily presupposes that Hoeganaes is an alter ego for Interlake. On the basis of the papers presented, there is no reason to disregard the status of Hoeganaes as a separate and distinct corporate entity from Interlake. *See Cannon Mfg. Co. v. Cudahy Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925); *Leach Co. v. General Sani-Can Mfg. Co.,* 393 F.2d 183 (7th Cir. 1968).