**Charles L. MICHOD, Trustee, and Electro-Matic Products Co., Plaintiffs,**

v.

**WALKER MAGNETICS GROUP, INC., a corporation; O.S. Walker Company, Inc., a corporation; and F.J.M. Corp., a corporation, Defendants.**

No. 85 C 6231.

United States District Court, N.D. Illinois, E.D.

April 22, 1987.

Paul H. Gallagher, Evanston, Ill., Richard E. Alexander, John C. DeWolfe, Jr., Alan L. Unikel, Alexander, Unikel, Bloom, Zalewa & Tenenbaum, Ltd., Charles L. Michod, Chicago, Ill., for plaintiffs.

James R. Sobieraj, Willian, Brinks, Olds, Hofer, Gilson & Lione Ltd., Chicago, Ellen Claire Newcomer, Gerald G. Saltarelli, But-

ler, Rubin, Newcomer, Saltarelli & Boyd, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This case comes before the court on the motion of defendants Walker Magnetics Group, Inc. and O.S. Walker Co., Inc. ("the Walker defendants") for Rule 11 sanctions against plaintiff Electro-Matic Products Co. ("Electro-Matic") and its attorney Paul Gallagher.

The Walker defendants contend that in pursuing its claim against them for patent infringement, Electro-Matic consistently asserted as true two propositions that it knew or should have known to be false: first, that Electro-Matic was an exclusive licensee of the disputed patent; and second, that the Walker defendants maintain "a regular and established place of business" in this district within the meaning of 28 U.S.C. § 1400(b), which governs venue in actions for patent infringement. The Walker defendants also contend that Electro-Matic asserted a frivolous claim against them under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68.

Rule 11 of the Federal Rules of Civil Procedure requires the court to impose sanctions on attorneys or parties for the submission of pleadings, motions, or other papers that are not, "to the best of [their] knowledge, information, and belief formed after reasonable inquiry ... well-grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."

■ It is hornbook law that only a patent owner or an exclusive licensee may sue for patent infringement. *Life Time Doors, Inc. v. Walled Lake Door Co.*, 505 F.2d 1165, 1167 (6th Cir.1974). The Walker defendants moved to dismiss the complaint because Electro-Matic failed to allege either an ownership interest or exclusive license in the disputed patent. Electro-Matic opposed the motion, but after completion of

a briefing schedule moved to amend the complaint to assert an exclusive license. The court allowed the amendment although the Walker defendants insisted that Electro-Matic had no factual basis for its claim of an exclusive license.

■ Subsequent discovery proved the Walker defendants correct. Electro-Matic's president testified at his deposition that the license was non-exclusive, and when the Walker defendants obtained a copy of the license agreement (from the trustee of the trust that owned the patent, since Electro-Matic refused to produce it), they learned that the agreement expressly granted Electro-Matic a non-exclusive license. While Electro-Matic's president now asserts by affidavit that the parties nonetheless regarded the license as exclusive, this neither cures Electro-Matic's lack of standing nor excuses its failure to disclose the terms of the agreement to the court and opposing counsel. Because Electro-Matic and Gallagher could not have believed after reasonable inquiry that their assertion of an exclusive license was well-grounded in fact, Rule 11 requires the imposition of sanctions against them.

In actions for patent infringement venue is appropriate in the judicial district where the defendant resides (the Walker defendants reside in Massachusetts) or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). Electro-Matic relied on the latter of these alternatives, and asserted that the Walker defendants maintain places of business at three Chicago locations. When the Walker defendants denied this, Electro-Matic substantiated its allegation by producing a single telephone listing for "Walker O S". That listing proved to belong to an independent distributor of the Walker defendants' products who also distributes Electro-Matic's products. In addition to the telephone listing, Electro-Matic argues that information disclosed in discovery supports its assertion of venue in this district, noting that the Walker defendants make substantial sales, maintain two commissioned sales

agents, make sales calls and demonstrate products, perform warranty and service work, attend trade shows, and advertise in this district.

■ Courts have consistently held that an alleged patent infringer has a "regular and established place of business" in a judicial district only if it actually has a *place* of business there; activities such as the maintenance of independent sales agents, visits by company representatives, and the solicitation of orders are not enough. *See, e.g., Dual Manufacturing & Engineering, Inc. v. Burris Industries, Inc.,* 531 F.2d 1382, 1386–88 (7th Cir.1976); *Grantham v. Challenge-Cook Bros., Inc.,* 420 F.2d 1182, 1184–85 (7th Cir.1969). The Walker defendants have no place of business in this district, and Electro-Matic's sole basis for alleging the contrary was a telephone listing that actually belongs to an independent distributor. Had Electro-Matic or Gallagher bothered to dial the telephone number, they would have discovered the nature of the listing and the impropriety of their assertion of venue. This casual approach to pleading is inconsistent with Rule 11.

■ There is no charitable way to describe Electro-Matic's RICO claim, which alleged that acts of patent infringement by the Walker defendants constituted a pattern of racketeering activity. Congress defined "racketeering activity" with considerable specificity, and patent infringement is not within the definition. 18 U.S.C. § 1961(1). The RICO claim was frivolous.

Rule 11 requires litigants to think before they file. Legally and factually vacuous pleadings impose costs on other litigants and the court, and those responsible must pay the bill. Accordingly, the court orders Electro-Matic and Gallagher to pay the reasonable attorneys' fees incurred by the Walker defendants in contesting Electro-Matic's standing, its RICO claim, and its assertion of venue in the Northern District of Illinois.