**HAKO MINUTEMAN, INC., Plaintiff,**

v.

**ADVANCE MACHINE COMPANY, Defendant.**

No. 89 C 8661.

United States District Court,
N.D. Illinois,
E.D.

Jan. 24, 1990.

James J. Hill, Daniel J. Deneufbourg, Emrich & Dithmar, Frank R. Reynolds, Jr., Reynolds & Reynolds, Chicago, Ill., for plaintiff.

James M. Hoey, Clausen Miller Gorman Caffrey & Witous, P.C., and Henry R. Daar, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

This is a patent infringement action. On December 22, 1989, defendant moved for dismissal or transfer, arguing that venue was improper and that, even if venue is proper, transfer is warranted for the convenience of witnesses and the interests of justice. On January 5, 1990, plaintiff submitted a "preliminary response," arguing that defendant's motion was premised on inapplicable legal principles. Plaintiff requested an opportunity to conduct discovery and address the motion in more depth if the Court ultimately disagreed with plaintiff's position. On January 11, the Court set a date for defendant to reply to the preliminary response and suggested that plaintiff begin conducting whatever discovery it deemed appropriate in the interim. Defendant filed its reply brief on January 22, arguing that its view of the law was correct.

The parties agree that venue is governed by 28 U.S.C. § 1400(b), which provides:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Plaintiff does not contend that defendant resides in this district. Accordingly, venue is proper only if defendant both "[1] has committed acts of infringement and [2] has a regular and established place of business" in this district.

Defendant alleges that its only activities in this district are the leasing of space for use as a division sales office and service center; the employment at that office of a division manager, a secretary, and four individuals who operate the service center; and the use of the division sales office by six field salesmen. Defendant emphasizes that orders are generally sent to its home office in Minnesota directly by the customer or distributor, and that field sales personnel do not have authority to set prices or to establish new accounts without home office approval.

Defendant argues that these activities are not sufficient to constitute a "regular and established place of business" in this district, citing *Grantham v. Challenge–Cook Brothers, Inc.*, 420 F.2d 1182 (7th Cir.1969); *Knapp–Monarch Co. v. Dominion Electric Corporation*, 365 F.2d 175 (7th Cir.1966); *Knapp–Monarch Co. v. Casco Products Corp.*, 342 F.2d 622 (7th Cir.), *cert. denied*, 382 U.S. 828, 86 S.Ct. 64, 15 L.Ed.2d 73 (1965); and *A.O. Smith–Inland, Inc. v. Hoeganaes Corp.*, 407 F.Supp. 539 (N.D.Ill.1976). Defendant further argues that the solicitation of sales in this district does not constitute "acts of infringement," citing *Mid–Continent Metal Products Co. v. Maxon Premix Burner Co.*, 367 F.2d 818 (7th Cir.1966); and *Minnesota Mining & Manufacturing Co. v. The Ansul Co.*, 201 U.S.P.Q. 725 (N.D. Ill.1978).

Plaintiff responds that the above authorities are inapposite, and that the case is controlled by *In re Cordis Corp.*, 769 F.2d 733 (Fed.Cir.1985), which found venue to be established despite the lack of a physical office maintained by the defendant in the forum district. The relevant conduct by the defendant was the employment of two full-time sales representatives in the forum state, who maintained offices in their homes, where they stored literature, documents and products; and the engagement of a secretarial service in the forum state which received messages, performed typing, mailed literature, and received shipments of literature. Defendant replies that *Cordis* is inapplicable because the court addressed the issue in the context of a petition for a writ of mandamus, and the court emphasized its very narrow scope of review.

The Court agrees with plaintiff that *Cordis* is controlling. All of the cases from the Seventh Circuit and the Northern District of Illinois cited by defendant were decided before 1982, when the Court Improvement Act granted exclusive jurisdiction over patent cases to the Court of Appeals for the Federal Circuit. Pursuant to 28 U.S.C. § 1295, any appeal from this Court's final decisions in this case will be heard by the Federal Circuit, and this Court is therefore bound by the Federal Circuit's opinions. To the extent that those opinions depart from prior Seventh Circuit precedent, the latter must be considered as having been implicitly overruled.

The court in *Cordis* did emphasize the narrow scope of its review in a mandamus action. 769 F.2d at 736. However, the court made very clear its view as to the standards for determining venue:

> [I]n determining whether a corporate defendant has a regular and established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there and not ... whether it has a fixed physical presence in the sense of a formal office or store.

*Id.* at 737.

In this case, the activities of defendant in this district are more substantial than were those of the defendant in the forum considered in *Cordis*. Most significantly, defendant leases space in this district for a divisional sales office and service center. Defendant's activities certainly amount to "do[ing] its business in [this] district through a permanent and continuous presence," and it therefore has a regular and established place of business here.

With respect to commission of acts of infringement, the *Cordis* court held that the defendant had not demonstrated that the district court had abused its discretion in concluding that acts of infringement had been committed in the forum district. *Id.* The district court had determined that the defendant "had committed acts of infringement within [the forum district] as a result of its continuous solicitation of sales by its resident representatives, coupled with their demonstrations and technical consultations." *Id.* at 736.

In this case, neither party has taken a position as to whether defendant's employees have conducted product demonstrations and technical consultations in this district, although the Court believes it likely that such conduct exists in light of the extensive sales presence maintained by defendant in this district. In any event, a fair reading of *Cordis* is that "continuous solicitation of sales," combined with some other activity, suffices to constitute commission of infringing acts in the district. In this case, defendant's continuous solicitation of sales is combined with the maintenance of a divisional sales office and service center—actions which are related to the product at issue and which appear to be more substantial than the activities relied on to establish venue in *Cordis*.

The Court concludes that venue is proper in this district. Still pending is defendant's alternative request to transfer the action to Minnesota pursuant to 28 U.S.C. § 1404(a). Plaintiff's response brief concerning that portion of defendant's motion is due February 16, 1990. Defendant's reply is due February 26, 1990.